■ In the Matter of the Claim of ANN KEARNEY, Respondent, v. FRANK SHATTUCK, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant worked in a restaurant and testified that on December 4, 1957 she wrenched her arm when she slipped on the floor while lifting or moving plates. There is some proof that on the following day claimant slipped and fell due to the pain in her arm. It is not entirely clear whether this slipping was on ice; but even if it were, claimant attributed it to the pain. " She [physician in employer's medical department] sent me home in pain that I didn't know where I was going * * * I slipped when I was going home with the pain ". Medical examination later disclosed a dislocation of the shoulder joint. There is medical proof that both events, the original injury at work and the second injury were related to the ultimate physical condition; and even though the fall on December 5 after slipping was the main, or even the sole, cause of the dislocation, it has been sufficiently attributed as a consequence of the first injury to sustain the decision. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.

■ In the Matter of the Claim of DAVID SCHNEIDERMAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Claimant appeals from a decision of the Unemployment Insurance Board which determined that claimant did not have the required number of weeks of covered employment during his base period to be entitled to benefits. Claimant filed for benefits effective July 14, 1958. His base period was thereby established from July 15, 1957 to July 13, 1958. (Labor Law, § 520.) The initial determination of the Industrial Commissioner, the decision of a Referee and the decision appealed from, all determined that claimant did not have the requisite number of weeks of covered employment required by section 527 of the Labor Law. The evidence clearly supports such a finding. Decision unanimously affirmed, without costs.

■ In the Matter of the Claim of GERTRUDE ROTHENBERG, Respondent, v. LE HURAY & CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Although a long period elapsed between the date of the accident (April 20, 1950) to which the decedent's cardiac condition has been attributed, and his death (October 20, 1957), there are continued links of association of the two events which sufficiently sustain the award of compensation. The original accident is well established. Decedent was moving a roll of paper weighing from 870 to 900 pounds when a wooden wedge used to help turn it slipped and decedent testified during his lifetime that he " felt a pain in the center of my chest " when he " tried to twist the roll ". He was hospitalized for acute myocardial infarction; and there is adequate medical proof that the accident helped cause it. Decedent was thereafter under continuous medical care until his death. After a period of total disability he was found to be partially disabled; and awards were made and paid for partial disability. There is contemporaneous medical proof taken during his lifetime before the board in which a failure to show improvement in his condition is noted. A new coronary thrombosis occurred in 1957, and there is adequate medical proof connecting the resulting death with the earlier accident. The medical evidence in this respect is substantial. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.