In the Matter of the Claim of JORGE RODRIGUEZ, Respondent, v. SUNNYSIDE GARDEN KENNELS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and his insurance carrier from a decision and award of the Workmen's Compensation Board on the ground that claimant was not injured while in the course of employment. Claimant testified that on Friday, December 11, 1964 he discovered while on his way home from work that his pay check did not contain an additional $30 overtime pay to which he believed he was entitled and needing this money, which was usually included in his pay check, he called his employer and they agreed to meet at a street corner located on the employer's way home. Upon arrival at the prearranged corner respondent saw his employer parking his car and started across the street to meet him when he was struck by a passing vehicle sustaining the injuries giving rise to the claim. While claimant could not be sure he told the employer the reason for the meeting, it is undisputed that the meeting was arranged and the board could properly accept his statement that his purpose in requesting the meeting was his desire to talk about the amount of his pay check. Thus on the instant record the board could properly conclude that his presence at the point at which he was injured was work connected and sufficiently related so as to come within the course of employment. It was "an integral part of employment" and as such the accident suffered was compensable (e.g., *Matter of Scheper* v. *Board of Educ.,*

27 A D 2d 612; *Matter of Bardes* v. *East Riv. Housing Corp.*, 14 A D 2d 939, mot. for lv. to app. den. 11 N Y 2d 643; *Matter of Moskowitz* v. *Granata*, 9 A D 2d 310, mot. for lv. to app. den. 10 A D 2d 776). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Reynolds, J.