██ In the Matter of the Claim of ROBERT W. TYLER, Appellant, v. DONALD GILBERT, Doing Business as PARISHVILLE DAIRY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the claimant from a decision of the Workmen's Compensation Board denying benefits. The claimant was injured by the discharge of a gun being carried by a friend who was riding with the claimant while he was on his milk delivery route. The friend, who was not a coemployee, and the claimant had intended to test their guns and do some hunting. While on the milk route, both men got out of the truck, loaded their guns and thereafter claimant shot at some crows. His friend did not use his gun. Both men then returned to the truck and as it started up, the friend's gun accidentally discharged, striking claimant in the leg. The board has found that the accident "did not arise out of the employment". Upon the undisputed evidence, the board could, as it did, find that the activity giving rise to the injury was purely personal. and thus the injury was not compensable. An injury to be compensable must arise out of as well as in the course of the employment. (*Matter of Hancock* v. *Ingersoll-Rand Co.*, 21 A D 2d 703; *Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468, 472.) It is well settled that those activities which are purely personal pursuits are not within the scope of employment (e.g., *Matter of Pasquel* v. *Coverly*, 4 N Y 2d 28) and the test to be applied

is whether the activity giving rise to disability is a reasonable activity. (*Matter of Davis* v. *Newsweek Mag.*, 305 N. Y. 20, 24.) Here the board was justified in finding that the claimant's activities were not reasonable in the sense that they were such that they were "not an incident of employment" and "did not arise out of employment". The activity in which claimant was engaged was purely personal in nature and the board's determination was based upon substantial evidence. Decision affirmed, without costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.