■   In the Matter of the Claim of MARGARET PALLAS, Respondent, v. NEW YORK STATE POLICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J.   Appeal by the employer and its insurance carrier from a decision awarding benefits on account of the death of a sergeant of the New York State Police as the result of injuries sustained when the automobile that he was driving collided with a truck; appellants contending that decedent abandoned his employment upon entering and remaining for about two hours in a restaurant before resuming his journey on the direct route to his home. A city police report indicates that decedent was driving in a straight line in the curb lane of a four-lane arterial highway, that his condition was "normal" and that the truck driver had been drinking and operated his vehicle across the arterial highway to collide with decedent's car. The employer's Chief Inspector testified, in effect, that decedent was an outside worker, and, specifically, that he was subject to call "Seven days a week and 24 hours a day", and was on duty on the night of his death, when he and another trooper appeared in a Magistrate's Court in the Town of Trenton and thereafter spent some time in

discussing cases with the Magistrate, parting with him at about 11:15 P.M. and proceeding homeward until stopping at the restaurant in question at about midnight, leaving there after approximately two hours, the accident occurring shortly after 2:00 A.M. There is no evidence of intoxication or of any drinking or other personal pursuits adding to the ordinary risks of the travel and appellants suggest none, beyond the mere lapse of time, not exceeding two hours; and, of course, the board was not bound to find a deviation from employment causative of the accident "from the mere unexplained lapse of time". (*Matter of Church* v. *Worthington Corp.*, 12 A D 2d 571, 572, mot. for lv. to app. den. 9 N Y 2d 609; *Matter of Mansfield* v. *General Adj. Bur.*, 27 A D 2d 783, affd. 20 N Y 2d 881.) Assuming, nevertheless, that there occurred a deviation, it could properly be found no more than a temporary one, ending when decedent resumed his homeward journey. (*Matter of Sullivan* v. *L'Heureux*, 18 A D 2d 1116, mot. for lv. to app. den. 13 N Y 2d 595; *Matter of Lowery* v. *Riss & Co.*, 10 A D 2d 489, mot. for lv. to app. den. 8 N Y 2d 707.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum by Gibson, P. J.