Sandra J. LaPLANTE

v.

**TAYLOR BOX CO.**

**No. 84–206–Appeal.**

Supreme Court of Rhode Island.

Dec. 24, 1986.

Raul L. Lovett, Lovett Scheffrin & Gallogly, Providence, for plaintiff.

Mark McKenney, John T. Walsh, Jr., Higgins Cavanagh & Cooney, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on appeal by Sandra J. LaPlante (employee) from a final decree of the Workers' Compensation Appellate Commission denying her compensation for an injury allegedly arising out of and in the course of her employment. We reverse. The facts underlying this controversy are as follows.

The employee was employed by Taylor Box Company (employer) as a driver and delivery person. While returning from making a delivery on December 1, 1980, she was involved in an automobile accident that took place at the intersection of Willett Avenue and Crescent View Avenue in East Providence at approximately 11:30 a.m. It is undisputed that employee sustained personal injuries as a result of said accident and that these injuries resulted in a period of disability. The crucial portion of the facts is concerned with the route chosen by employee after making a delivery to a business firm located on Westminster Street in the city of Providence. The employer's place of business was located at 293 Child Street in the town of Warren. In making the delivery, employee traveled along Metacom Avenue in Warren to Interstate Route 195. She traveled west on Route 195, and as found by the trial commissioner, she exited at Hoyle Square in Providence and apparently made the delivery at or near that location. After making the delivery, employee proceeded along Route 195 until she reached the city of East Providence. She then exited from the interstate route and proceeded to the United Methodist Care Center in order to deliver a message of a private nature, not involving her employment in any way. After delivering the message, employee apparently took an alternate route leading toward the town of Warren and had proceeded several miles toward her destination when the accident took place. As pointed out in the dissenting opinion of one of the members of the appellate commission, the route through Riverside is an alternate route that would have led along Willett Avenue and ultimately through Barrington to Main Street in Warren.

The sole issue raised in this appeal is whether the deviation taken by employee for personal reasons precludes her entitlement to compensation for her injuries. Both parties and the commission rely upon certain general principles set forth in 1 Larson, *The Law of Workmen's Compensation*, § 19.33 at 4–378–380 (1985).

"[T]he question [is] whether an employee, who has completed a personal side-trip and is moving back toward his business route when injured, should be deemed to have resumed his employment as soon as he starts back, or only when he actually regains the main business route or destination.

"The majority of compensation cases deny recovery in these circumstances, on the ground that a side-trip is a personal deviation until completed, but a minority have taken the position that the journey toward employment destination or route should be compensable, because the personal motivation is spent, and the employee's object has become the single minded purpose of getting to his employment destination."

Various jurisdictions have come to different conclusions relating to the point at which the deviation is concluded and the business of the employer has resumed. No useful purpose would be served in illustrat-

ing the various conclusions reached in a tremendous variety of factual situations. Suffice it to say that the thrust of various cases seems to be that when the employee by his or her conduct demonstrates a clear return to the employer's business, the deviation is at an end and the employee is again acting in the course of employment. We shall examine one analogous segment of the Larson treatise.

In discussing various types of deviation from the course of employment, Professor Larson in § 19.21–19.25 discusses a series of situations ranging from mixed-purpose trips to the situation wherein a personal errand has been completed. He suggests that after a personal errand has been put behind, and the journey is renewed toward the business destination, there is the clearest kind of coverage. 1 Larson, § 19.25, at 4–346–350. In this category are instances, not dissimilar to the case at bar, when employees make relatively brief and uncomplicated stops for personal errands or social purposes in the course of business journeys, followed by clear resumption of the business trips. In a number of such instances compensation has been allowed. *See, e.g., Dauphine v. Industrial Accident Commission,* 57 Cal. App. 2d 949, 135 P.2d 644 (1943); *Allison v. Brown & Horsch Insulation Co.,* 98 N.H. 434, 102 A.2d 493 (1954); *O'Brien v. First Camden National Bank & Trust Co.,* 37 N.J. 158, 179 A.2d 740 (1962); *White v. Frank Z. Sindlinger, Inc.,* 30 N.J. Super. 525, 105 A.2d 437 (1954); *Pallas v. New York State Police,* 33 A.D.2d 528, 303 N.Y.S.2d 713 (1969); *Clark v. Burton Lines, Inc.,* 272 N.C. 433, 158 S.E.2d 569 (1968).

In the foregoing cases, the common thread seems to be that once the personal errand is completed and the employee resumes a course that is reasonably related to the employer's business, he or she returns to the course of employment and injuries sustained thereafter are compensable.

This case presents the mixed question of law and fact of whether employee was injured in an incident that arose out of and in the course of her employment. *See De-Nardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. 440, 447, 399 A.2d 1229, 1233 (1979). In that case we stated that the court would substitute its judgment for that of the commission in the event that on the basis of facts as reliably found or as agreed upon by the parties, only one reasonable conclusion was possible. *Id.* at 448, 399 A.2d at 1234. In the case at bar, the deviation by employee was, in terms of distance, very brief indeed. The findings of the commission indicate that at the time of the injury, employee had taken and pursued for several miles an alternate route that would have returned her to employer's place of business from the time the injury took place within a matter of fifteen to twenty minutes.[1] This was a type of triangular alternate referred to by Professor Larson in sections 18 and 19 of his treatise. It is not necessary to engage in geometric or mathematical reasonings in order to determine whether as a matter of distance the alternate route or Interstate 195 would have been preferable. It is obvious that the Willett Avenue route, if pursued without interruption, would have put the employee at her place of employment at approximately the same time, within minutes, as though she had pursued the Interstate 195 approach.

■ Thus, we are of the opinion that the only reasonable conclusion to reach on the facts of this case is that the employee was no longer in substantial deviation from her employer's business and was at the time of the accident within less than twenty minutes of returning to her employer's place of business. We respectfully disagree with the appellate commission that, as a matter of law, the employee would have had to

---

1. The appellate commission made no specific finding on the distance from the place of injury to the employee's premises, but the court may take judicial notice of obvious geographical facts.

utilize Interstate Route 195 rather than a substantially equivalent alternative. Therefore, we conclude as a matter of law that the employee at the time of the injury was acting in the course of her employment. *See Lomba v. Providence Gravure, Inc.,* 465 A.2d 186, 189 (R.I. 1983).

For the reasons stated, the employee's appeal is sustained, and the final decree of the appellate commission is reversed. The papers in this case may be remanded to the appellate commission for entry of a new final decree in accordance with this opinion.