■ In the Matter of the Claim of MARIE R. FONT, Respondent, v NEW YORK CITY BOARD OF EDUCATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. P. Appeal from a decision of the Workers' Compensation Board, filed January 12, 1990, which ruled that claimant sustained a compensable consequential injury and awarded workers' compensation benefits.

Claimant was under continuing treatment for a March 28, 1985 work-related compensable injury to her right arm. On February 5, 1987, while en route to her doctor's office for a scheduled treatment, she was pushed from behind as she exited a bus and sustained an injury to her right knee. Her employer has challenged the determination of the Workers'

---

Compensation Board which held that the knee injury, sustained during necessary travel for medical treatment of a preexisting compensable injury, had an industrial origin and constituted a consequential injury.

On this appeal, the employer relies heavily upon *Matter of Goss v Hornblower & Weeks* (69 AD2d 972), in which this court affirmed a decision of the Board rejecting a claim for an alleged consequential injury sustained when the claimant was struck by a bicyclist while en route to his doctor for examination of a compensable industrial injury. The Board in that case held that the evidence did not indicate that the second injury was the direct and natural result of an industrial injury. In affirming, this court said, "Since there is substantial evidence in the record to support the board's determination, it must be upheld" *(supra)*. Here, it is undisputed that claimant was injured while on her way to her own physician for treatment when injured in a nonwork-related accident, factually distinguishing this case from *Goss*.

The Board has cited three New York cases which recognize the compensability of an injury sustained while en route to or from a doctor's office for treatment of a prior compensable injury *(see, Matter of Goldberg v 954 Marcy Corp.,* 276 NY 313 [injury while traveling to the doctor pursuant to directions of the claimant's employer]; *Matter of Kearney v Shattuck,* 12 AD2d 678 [injury sustained en route to home necessitated by pain from previous compensable injury]; *Matter of John v Fairmont Creamery Co.,* 268 App Div 840, *lv denied* 268 App Div 935 [injury during return from office of company doctor]).

It has also been noted that "[w]hen an employee suffers additional injuries because of an accident in the course of a journey to a doctor's office occasioned by a compensable injury, the additional injuries are generally held compensable" (1 Larson, Workmen's Compensation § 13.13). Although there is some authority to the contrary, many cases hold that an injury suffered as a result of an accident during a trip to a doctor's office has usually been considered sufficiently causally related to the employment by the mere fact that a work-connected injury was the cause of the journey *(see, e.g., Preway, Inc. v Davis,* 22 Ark App 132, 736 SW2d 21; *Telcon, Inc. v Williams,* 500 So 2d 266 [Fla], *review denied* 508 So 2d 15; *Case of McElroy,* 397 Mass 743, 494 NE2d 1; *Fenton v SAIF Corp.,* 87 Ore App 78, 741 P2d 517, *review denied* 304 Ore 311, 744 P2d 1295). Compensability is usually denied when an added factor weakens the connection between the initial and consequential injuries *(see, Snowbarger v M. F. A. Cent. Co-op,*

349 SW2d 224 [Mo]) or when the trip was for a purpose other than actual treatment *(Carlson v Young,* 84 Ohio L Abs 403, 171 NE2d 736; *Anderson v Chatham Elecs.,* 70 NJ Super 202, 175 A2d 256, *certification denied* 36 NJ 303).

More simply stated, when the employer is under a statutory duty to furnish medical care and the employee is under a similar duty to submit to reasonable medical treatment, the better view seems to be that an accidental injury during a trip made for such purposes is work connected and therefore compensable *(see, Taylor v Centex Constr. Co.,* 191 Kan 130, 379 P2d 217; 1 Larson, Workmen's Compensation § 13.13).

Decision affirmed, without costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.