■ In the Matter of the Claim of WILLIAM DANDOLA, Respondent, v NEW YORK CITY DEPARTMENT OF CORRECTION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [664 NYS2d 392] —Appeal from a decision of the Workers' Compensation Board, filed April 4, 1996, which ruled that claimant had sustained a causally related injury.

Claimant was employed as a correction officer at Rikers Island. He was off duty when he slipped and fell on the curb in front of the main entrance to the facility while en route to pick up his paycheck. The resulting injury to claimant's left knee was determined to be causally related to his employment and he was awarded workers' compensation benefits. The employer challenges this determination, contending that claimant was not injured in the course of his employment because his fall occurred while claimant was running an essentially personal errand on his day off. We disagree. It has been found that an employee may be within the scope of employment when collecting his or her pay while off duty (*see, Matter of Berry v New York City Bd. of Educ.*, 239 AD2d 637; *Matter of Watson v American Can Co.*, 23 AD2d 423, *affd* 18 NY2d 758). We find this to be true under the circumstances presented here where the record includes a document promulgated by the employer, entitled "Paycheck Distribution Procedures", which indicates that while arrangements may be made for the employer to mail paychecks to an employee's residence, the expected procedure is for employees to pick up their paychecks in person. We conclude that substantial evidence supports the decision that claimant's injury arose out of and in the course of his employment and it will not, accordingly, be disturbed.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.