■ In the Matter of the Claim of WINNIFRED WINT, Respondent, v HOTEL WALDORF ASTORIA et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [674 NYS2d 146] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation

Board, filed July 27, 1995, which ruled that claimant sustained an accidental injury in the course of her employment.

The question on this appeal is whether substantial evidence supports the decision of the Workers' Compensation Board that claimant's injury occurred while in the course of her employment. Claimant had been employed by the Hotel Waldorf Astoria since 1975. In January 1990, her position was floor supervisor and she was also a union delegate. On January 19, 1990, she was involved in an altercation with another employee and was subsequently terminated as a result of the incident. Although she did not return to work after January 19, 1990, the record indicates that time cards and payroll records were maintained for claimant through January 28, 1990 and personnel records reflect a termination date of January 31, 1990. The Hotel's employment manager testified that she was terminated on January 24, 1990.

On January 26, 1990 claimant returned to the Hotel to pick up her paycheck and was injured when she slipped and fell on a set of stairs. Pursuant to the terms of the collective bargaining agreement between the Hotel and claimant's union, a grievance hearing was held on February 9, 1990 concerning claimant's termination. The arbitrator upheld the discharge but also found that, although claimant had attempted to resign as a union delegate prior to January 19, 1990, the resignation was not perfected. Consequently, by virtue of her status as a union delegate on January 19, 1990 under the terms of the collective bargaining agreement, she remained in employment status until the date of the grievance hearing.

Claimant filed a claim for workers' compensation benefits as a result of the January 26, 1990 accident, which the Hotel contested contending that her employment was terminated before the accident occurred. By decision dated June 24, 1992, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim, finding that there was no employer-employee relationship at the time of the accident. Upon review by the Workers' Compensation Board, this decision was rescinded and the matter remitted for further proceedings. A new WCLJ found, *inter alia*, that claimant's injury occurred while in the course of her employment, and the Board affirmed this finding in a decision filed July 27, 1995. The Hotel appeals.

The existence of an employer-employee relationship is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence (*see, Matter of Winglovitz v Agway, Inc.*, 246 AD2d 684, 685; *Matter of La Celle v New York Conference of Seventh-Day Adventists*, 235

AD2d 694, *lv dismissed* 89 NY2d 1085; *Matter of Banful v Skyline Credit Ride*, 222 AD2d 871, 872). Support for the Board's determination that claimant was an employee on January 26, 1990 is found in the fact that her employee card reflects a termination date of January 31, 1990, time cards and payroll records were maintained for her through January 28, 1990, and she received a paycheck dated as late as February 1, 1990. Further, the collective bargaining agreement governing claimant's employment provided that a terminated union delegate would remain in employment status until the date of the hearing held to determine whether the termination would be upheld. It is well settled that an employee may be within the scope of employment while collecting pay, albeit off duty (*see, Matter of Dandola v New York City Dept. of Correction*, 244 AD2d 729; *see also, Matter of Younger v Motor Cab Transp. Co.*, 260 NY 396; *Matter of Berry v New York City Bd. of Educ.*, 239 AD2d 637; *Matter of Rodriguez v Sunnyside Garden Kennels*, 27 AD2d 967, *lv denied* 20 NY2d 643).

The Hotel's employment manager testified that terminated employees have the option of picking of their paycheck or having it mailed to them. Claimant testified that she telephoned the personnel department and was advised that she could pick up her paycheck. The Hotel's argument that the claim should be disallowed pursuant to Workers' Compensation Law § 10 is not preserved for our review, nor would it in any event prove availing in that the injury occurred one week after the incident leading to claimant's termination and its relationship thereto is, at best, attenuated.

Crew III, White, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.