■ In the Matter of the Claim of SONIA A. KNAUB, Respondent, v REALTIME BUSINESS SYSTEMS, INC., Appellant. WORKERS'

COMPENSATION BOARD, Respondent. [674 NYS2d 799] —Appeal from a decision of the Workers' Compensation Board, filed May 6, 1997, which ruled that claimant sustained an accidental injury in the course of her employment and awarded workers' compensation benefits.

Claimant was employed as an office manager and was the company's sole employee. On December 23, 1992, claimant waited for a delivery of computer equipment that arrived around 5:15 P.M. The delivery man arrived in an unmarked van accompanied by his 18-month-old son. Claimant offered to bring the child upstairs and give him a cookie while the equipment was unloaded, instead of leaving him alone in the van. Claimant injured her back while carrying the child up the stairs to the office. The Workers' Compensation Board, finding that claimant's accident arose out of and in the course of her employment, awarded claimant benefits. The employer appeals.

Whether an activity is within the course of employment or purely personal depends upon whether the activity is "both reasonable and sufficiently work related under the circumstances" (*Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249), a determination that raises a factual question for the Board's resolution (*see, Matter of Marthorne v Home Attendant Serv.*, 207 AD2d 939). Claimant's duties as office manager included receiving deliveries. Claimant testified that she offered the child a cookie in the office, rather than leaving him alone in the van after dark, so that she could remain in the office while the computer equipment was delivered. Under these circumstances, we conclude that the Board's finding that claimant's accident arose out of and in the course of her employment is supported by substantial evidence in the record and should not be disturbed (*see, id.; see also, Matter of Fullone v Borg-Warner Corp.*, 207 AD2d 931). The employer's remaining contentions have been reviewed and are found to be lacking in merit.

Cardona, P. J., Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.