■ In the Matter of the Claim of SETTIMITO R. D'ACCORDO, Respondent, v SPARE WHEELS AND CAR SHOPPE OF SAYVILLE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [684 NYS2d 343] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed December 4, 1997, which ruled that claimant sustained an accidental injury arising out of and in the course of his employment.

Claimant was employed as an automobile salesperson when he was injured in an accident while driving one of the employer's vehicles. The record indicates that the employer provided claimant with a different demonstrator vehicle every week and customarily granted him permission to switch the dealer plates from his demonstrator vehicle to any other vehicle that a potential customer wished to view at a location other than the employer's premises. On the evening prior to the accident, claimant switched his dealer plates to another vehicle and drove it to the home of his brother-in-law who, according

to claimant, placed a deposit on the vehicle. Claimant's accident occurred when he was driving the vehicle to the dealership the following morning in order to complete the paperwork on the sale. The Workers' Compensation Board ruled that claimant's accident arose out of and in the course of his employment, prompting this appeal by the employer and its workers' compensation insurance carrier.

We affirm. The determination of whether an activity is within the course of employment or is purely personal is a factual question for the Board's resolution and depends upon whether the activity is reasonable and sufficiently work related (*see, Matter of Knaub v Realtime Bus. Sys.*, 251 AD2d 840). Here, notwithstanding that claimant was not scheduled to work on the day of the accident and that he failed to produce documentary proof of the brother-in-law's deposit, the record contains sufficient evidence indicating that claimant was not engaged in a personal errand when the accident occurred. Claimant's coworker testified that the employer encouraged its salespeople to do whatever needed to be done in order to sell a vehicle, including bringing it to a potential customer's residence. This evidence, together with claimant's testimony that he sold the vehicle to his brother-in-law on the evening prior to the accident and the documentary evidence that claimant had sold numerous vehicles to his brother-in-law and other relatives in the past, constitutes substantial evidence to support the Board's decision (*see, Matter of Marthorne v Home Attendant Serv.*, 207 AD2d 939; *cf., Matter of Clark v Suresky & Sons*, 236 AD2d 673). The remaining argument raised by the employer and its carrier is unpreserved for our review and, in any event, without merit.

Mikoll, J. P., Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.