■ In the Matter of the Claim of GEORGE PRIMIANO, Respondent, v PEP BOYS SERVICE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [715 NYS2d 261] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 18, 1998, which ruled that claimant's injury arose out of and in the course of his employment.

In July 1999, claimant was advised by his supervisor that unless a new position could be found for him, which was unlikely, his employment would be terminated the following month. Although he was not scheduled to work the day after being so advised, claimant returned to the employer's premises to discuss the possibility of continuing employment. According to claimant, he was upset and depressed. Claimant's supervisor told him that they would discuss the matter over lunch and claimant thereafter stood at the service desk waiting for the supervisor to go to lunch. As the result of an incident of horseplay instigated by another employee, claimant injured his knee while waiting at the service desk. The Workers' Compensation Board rejected the employer's argument that claimant was voluntarily at the premises for purely personal reasons and concluded instead that claimant's injury arose out of and in the course of his employment. The employer and its workers' compensation carrier appeal.

"The determination of whether an activity is within the

course of employment or is purely personal is a factual question for the Board's resolution and depends upon whether the activity is reasonable and sufficiently work related" (*Matter of D'Accordo v Spare Wheels Car Shoppe*, 257 AD2d 966, 967). Based upon claimant's testimony that he went to the employer's premises to discuss a personnel matter involving his employment, a matter which his supervisor also viewed as warranting further discussion, the Board could properly conclude that claimant's presence at the employer's premises was reasonable and sufficiently work related to fall within the course of employment (*see, Matter of Rodriguez v Sunnyside Garden Kennels*, 27 AD2d 967, *lv denied* 20 NY2d 643).

Crew III, J. P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.