■ In the Matter of the Claim of JOHN HAMM, Respondent, v USF RED STAR et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [727 NYS2d 714] —Mercure, J. P. Appeals (1) from a decision of the Workers' Compensation Board, filed March 20, 2000, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits, and (2) from a decision of said Board, filed May 23, 2000, which calculated the amount of claimant's award of workers' compensation benefits.

On the morning of July 7, 1999, claimant, a truck driver, had completed an assignment to drive from Buffalo to Baltimore, Maryland and was directed by his dispatcher to check in

to a hotel to sleep and wait for instructions regarding his next assignment. At approximately 10:00 P.M. that evening, claimant received a call from the dispatcher to report to the employer's terminal at midnight to receive his next assignment. Thereafter, claimant and another employee decided to go to a restaurant across the street from the hotel and have a meal before commencing their next trip. While crossing the street claimant was struck by a car and seriously injured. The Workers' Compensation Board determined that the accident arose out of and in the course of claimant's employment, inasmuch as he was an "outside employee" entitled to portal-to-portal coverage, and awarded workers' compensation benefits. The employer and its insurance carrier appeal contending that the accident occurred during a deviation from employment and, thus, was not compensable.

We affirm. " 'The determination of whether an activity is within the course of employment or is purely personal is a factual question for the Board's resolution and depends upon whether the activity is reasonable and sufficiently work related' " (*Matter of Primiano v Pep Boys Serv.*, 277 AD2d 631, 631-632, quoting *Matter of D'Accordo v Spare Wheels Car Shoppe*, 257 AD2d 966, 967). Notably, the employer and its carrier concede that because claimant was a traveling employee with no fixed work site, he is entitled to expanded coverage under the Workers' Compensation Law (*see, Matter of Capizzi v Southern Dist. Reporters*, 61 NY2d 50; *Matter of Alwine v Haines Car-Riers*, 5 AD2d 892, *lv denied* 4 NY2d 676). Likewise, they concede that it was reasonable and customary for claimant to have obtained a meal prior to commencing a new assignment. Thus, the argument is reduced to whether the manner in which claimant was attempting to get to the restaurant was reasonable. We find nothing in the record to support the assertion of the employer and its carrier that claimant was crossing the street in such a reckless and unreasonable manner as to constitute a deviation from employment (*compare, Matter of Richardson v Fiedler Roofing*, 67 NY2d 246). In our view, substantial evidence supports the Board's decision that claimant's injuries were sustained during the course of his employment (*see, Matter of Carpio v R & J Insulation Co.*, 269 AD2d 678, *lv dismissed* 95 NY2d 791). The carrier's remaining argument, that claimant's injuries are not compensable under the terms of his union's collective bargaining agreement, has been examined and found to be without merit (*see,* Workers' Compensation Law § 25 [2-c] [a]). Finally, we note that claimant has abandoned any argument concerning the May 23, 2000 decision of the Board calculating the

amount of his benefits (*see, Matter of Gardner v Structure Tone*, 272 AD2d 794).

Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision filed March 20, 2000 is affirmed, without costs. Ordered that the appeal from the decision filed May 23, 2000 is dismissed, without costs.