In the Matter of the Claim of PETER SCHUYLER, Appellant, v CITY OF NEWBURGH FIRE DEPARTMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [739 NYS2d 217] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 10, 2000, which ruled that claimant had not sustained a causally related injury.

Claimant sustained a work-related injury to his back and had not yet returned to work when he was injured in a motor vehicle accident. Prior to the accident, claimant first drove to a physical therapy session for his causally related back injury and then to his place of employment to pick up his paycheck. While at his place of employment, he had a cup of coffee and

used the bathroom. He then drove to a bank because he needed cash and thereafter headed toward home, stopping along the way at a bike shop to pick up bicycles. The accident happened after he left the bike shop and before he reached his home. The Workers' Compensation Board concluded that the injuries sustained by claimant in the accident were not compensable. Claimant appeals.

In ruling that claimant's injuries from the motor vehicle accident were not compensable, the Board acknowledged that off-duty injuries sustained while traveling to or from treatment for a compensable injury may be considered consequential to the compensable injury (*see, Matter of Font v New York City Bd. of Educ.*, 170 AD2d 928) and that off-duty injuries sustained while picking up a paycheck in a manner required by the employer may be considered within the scope of employment (*see, Matter of Dandola v New York City Dept. of Correction*, 244 AD2d 729). Nevertheless, the Board viewed these principles as exceptions to the general rule that off-duty injuries are not compensable and, therefore, concluded that the principles were inapplicable in this case because "claimant's subsequent errands to the bank and the bike shop, though they may have been reasonable, served to break the causal connection." We reject claimant's argument that the Board erred in failing to extend the exceptions to him.

The Board's decision was analogous to a finding that claimant was engaged in a purely personal activity at the time of the accident and the determination of whether an activity is within the course of employment or purely personal depends upon whether the activity is reasonable and sufficiently work related (*see, Matter of D'Accordo v Spare Wheels & Car Shoppe of Sayville*, 257 AD2d 966, 967). While claimant's off-duty trip may have had work-related aspects in his travel to the physical therapy session and to pick up his paycheck, we see nothing irrational in the Board's conclusion that once the work-related aspects of the trip were over and claimant embarked on personal errands which had no relation to his work, there could be no causal connection between his employment and his off-duty injuries. Accordingly, there is no basis to disturb the finding that claimant's injuries from the motor vehicle accident were not sustained in the course of employment.

Peters, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.