■ In the Matter of the Claim of MARY PALMER, Respondent, v NEW YORK STATE DIVISION FOR YOUTH, Presently Known as NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 694]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 20, 2002, which ruled that claimant sustained a causally related consequential injury.

In 1991, claimant injured her right knee while working as an aide at a juvenile residential facility, thereafter receiving workers' compensation benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) later amended accident, notice and causal relationship to include consequential depression and

injuries to claimant's left knee and back. In June 2001, claimant was classified with a permanent partial disability and her case was closed.

On September 11, 2001, claimant agreed to meet with a representative of the employer's workers' compensation carrier at claimant's attorney's office so that the representative could conduct a routine review of the claim and claimant's continuing entitlement thereto. While en route to the meeting, claimant was involved in a motor vehicle accident, suffering post-traumatic stress disorder and additional injuries to her neck and back. Following a hearing, a WCLJ determined that these injuries were consequential to claimant's compensable injuries and awarded benefits. The Workers' Compensation Board affirmed the WCLJ's decision, prompting this appeal by the employer and the carrier.

On appeal, the employer and carrier argue that the Board's decision represents an arbitrary departure from prior precedent establishing that a claimant may be compensated for a nonwork-related consequential injury only when such injury occurs while en route to obtaining causally related medical treatment (see *Matter of Schuyler v City of Newburgh Fire Dept.*, 292 AD2d 702, 703 [2002]; *Matter of Font v New York City Bd. of Educ.*, 170 AD2d 928 [1991]). We cannot agree. It is undisputed that claimant's purpose for traveling to the meeting was wholly related to her claim and, further, that said meeting was scheduled at the carrier's request and for its sole benefit. It is also clear that claimant would not have incurred her injuries had the carrier not requested the meeting. We find that the Board's discussion of these uncontested facts provides the necessary rational basis for its conclusion that claimant's injuries were "sufficiently causally related to the employment by the mere fact that a work-connected injury was the cause of the journey" (*Matter of Font v New York City Bd. of Educ., supra* at 929). Contrary to the employer's and carrier's assertions, previous decisions by this Court and the Board regarding the compensability of injuries sustained while en route to receiving medical treatment do not foreclose the Board from considering other compensable scenarios where, as here, compelling factual circumstances warrant (see *Matter of Dandola v New York City Dept. of Corrections*, 244 AD2d 729 [1997]; *Matter of Turdo v New York City Dept. of Sanitation*, 117 AD2d 861 [1986], *lv denied* 68 NY2d 609 [1986]). Because the Board's decision is supported by substantial evidence, it must be affirmed.

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.