■ In the Matter of the Claim of HASSIB ALI, Appellant, v GOODYEAR TIRE-RETAIL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [783 NYS2d 882]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed September 18, 2002, which denied claimant's application for reconsideration and/or full Board review of a prior decision of the Board.

Claimant injured his back while working as an auto techni-

cian for the employer and, later that same day, was in an automobile accident that reportedly caused further injury to his back. According to claimant, he left work around 11:00 A.M. intent on seeking medical care. The police accident report indicates that the motor vehicle accident occurred at 1:45 P.M. Claimant contended that the automobile accident occurred as he was driving himself to a hospital to receive medical treatment for the work-related injury and, thus, it was a compensable consequential injury (see Matter of Palmer v New York State Div. for Youth, 2 AD3d 1123, 1124 [2003], lv denied 2 NY3d 705 [2004]; Matter of Font v New York City Bd. of Educ., 170 AD2d 928 [1991]). While the claim was established for a back injury occurring at work, the Administrative Law Judge was not persuaded that the automobile accident occurred while claimant was en route to seek medical treatment and thus determined that the accident was not consequential to the work injury. The Workers' Compensation Board affirmed this determination and noted that claimant's contention that the employer violated Workers' Compensation Law § 13 was not properly before it since such issue had not been addressed in the underlying hearing. Claimant's request for reconsideration and/or full Board review was denied. Claimant appeals.

Since an appeal was taken only from the Board's denial of a request for reconsideration and/or full Board review, the merits of the underlying decision are not before us (see Matter of Jean-Lubin v Home Care Servs. for Ind. Living, 295 AD2d 825, 826 [2002]; Matter of Shell v Poughkeepsie Hous. Auth., 276 AD2d 843, 845 [2000], appeal dismissed 96 NY2d 731 [2001]). Our review is limited to whether such denial was arbitrary and capricious or an abuse of discretion (see Matter of Depew v Lancet Arch, 2 AD3d 1013, 1013 [2003]; Matter of Dukes v Capitol Formation, 213 AD2d 756, 757 [1995], lvs dismissed 86 NY2d 810 [1995], 87 NY2d 891 [1995]). In his request for reconsideration and/or full Board review, claimant presented no new evidence that supplemented the record and primarily argued that the Administrative Law Judge drew incorrect conclusions from the evidence in the record. Under such circumstances, we find no abuse of discretion or arbitrary conduct in the Board's denial of claimant's application (see Matter of Kozak v SUNY at Old Westbury, 2 AD3d 1146, 1146 [2003]; Matter of Graham v Pathways, 305 AD2d 830, 831 [2003], lv dismissed 1 NY3d 564 [2003]; Matter of Shell v Poughkeepsie Hous. Auth., supra at 845).

Crew III, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.