In the Matter of the Claim of Bruna Stepcic, Appellant, v ADC Construction et al., Respondents. Workers' Compensation Board, Respondent. [825 NYS2d 834]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 11, 2005, which ruled that the death of claimant's decedent did not occur in the course of his employment and denied claimant's application for workers' compensation death benefits.

Claimant's decedent was employed as a laborer to follow behind an asphalt-ripping machine, pick up pieces of asphalt and place them on the side of the road for subsequent removal. During work, decedent noticed a dumpster containing construction debris from an unrelated work site. Decedent removed what initially appeared to be a piece of steel but was actually a shotgun from a box on top of the dumpster and showed it to a coworker. The shotgun then discharged, fatally wounding decedent. After a hearing, a Workers' Compensation Law Judge determined that decedent had suffered a work-related injury resulting in death. The Workers' Compensation Board reversed, finding that decedent's death did not occur in the course of employment. Claimant appeals.

We affirm. To be compensable, an injury must arise out of and in the course of employment (*see* Workers' Compensation Law § 10 [1]). "The determination of whether an activity is within the course of employment or is purely personal is a factual question for the Board's resolution and depends upon

whether the activity is reasonable and sufficiently work related" (*Matter of D'Accordo v Spare Wheels & Car Shoppe of Sayville*, 257 AD2d 966, 967 [1999] [citation omitted]; *see Matter of Primiano v Pep Boys Serv.*, 277 AD2d 631, 631-632 [2000]). At the hearing, testimony established that the dumpster and its contents were not used in the course of decedent's employment in any way. Testimony also indicated that workers were not in the habit of looking into the dumpster and that no work-related reason existed to do so. We conclude that the record contains substantial evidence to support the Board's determination that decedent's actions in handling the discarded firearm were unreasonable and completely unrelated to decedent's employment (*see Matter of Gibbs v Orange County Sheriff's Dept.*, 149 AD2d 845 [1989]; *Matter of Kotlarich v Incorporated Vil. of Greenwood Lake*, 101 AD2d 673 [1984], *lv denied* 64 NY2d 603 [1985]; *Matter of Tyler v Gilbert*, 29 AD2d 591 [1967]; *cf. Matter of Lubrano v Malinet*, 65 NY2d 616 [1985]).

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.