■ In the Matter of the Claim of DENISE D'AVILAR, Appellant, v NEW YORK UNIVERSITY SCHOOL OF MEDICINE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.
[897 NYS2d 752]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed September 25, 2008, which, among other things, ruled that claimant did not sustain causally related consequential injuries.

In August 2005, claimant sustained a work-related injury to her right knee which required that she undergo reconstructive surgery and physical therapy. The incident resulted in an established workers' compensation claim. On July 28, 2006, claimant had completed physical therapy at the Hospital for Special Surgery when she slipped—injuring her left knee and back—while purchasing coffee in that facility's cafeteria. Following hearings, a Workers' Compensation Law Judge determined that these injuries were consequential to claimant's compensable injury and amended the claim. Upon review, the Workers' Compensation Board reversed, concluding that claimant's latter injuries were not compensable because they occurred while she was engaged in a personal errand. Claimant appeals.

"Whether an activity constitutes a purely personal pursuit is a factual issue for the Board, and its resolution of that issue will not be disturbed unless it is unsupported by record evidence" (*Matter of Pagano v Anheuser Busch*, 301 AD2d 977, 978 [2003] [citation omitted]). Moreover, although injuries sustained in the course of traveling to or from treatment for a causally related injury may warrant a workers' compensation award, "[c]ompensability is usually denied when an added factor weakens the connection between the initial and consequential injuries" (*Matter of Font v New York City Bd. of Educ.*, 170 AD2d 928, 929 [1991]). Here, claimant testified that she had finished therapy and gone into the cafeteria to get something to drink. The coffee she received was cold so she returned it to the cashier. As the cashier was showing claimant where she could refill her cup with hot coffee, claimant slipped on a section of the floor that was wet. Such testimony is consistent with information that claimant provided to her treating physician, whose notes regarding the event indicate that "[claimant] fell down after finishing physical therapy in [the] hospital because [the] floor of the hospital cafeteria was wet."

Under such circumstances, the Board could rationally

conclude that the work-related aspects of claimant's trip had ended and that the causal connection between claimant's employment and her off-duty injuries was severed by her pursuit of a personal errand (*see Matter of Gabriele v Educational Bus Transp., Inc.*, 17 AD3d 910, 911 [2005]; *Matter of Schuyler v City of Newburgh Fire Dept.*, 292 AD2d 702, 703 [2002]). Accordingly, as the Board's determination is supported by substantial evidence, it must be affirmed (*see Matter of Goss v Hornblower & Weeks*, 69 AD2d 972 [1979]).

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.