■ In the Matter of the Claim of MARGARET FISCHER, Respondent, v KALEIDA HEALTH et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [916 NYS2d 333]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 27, 2009, which ruled that claimant sustained an accidental injury arising out of and in the course of her employment.

Claimant was employed as a visiting nurse and had appointments with numerous patients daily. On July 22, 2007, she had no visits scheduled between 1:30 P.M. and 3:30 P.M. and elected to get lunch at an outdoor festival during that time. As she was returning to her vehicle after lunch, she fell and broke her left arm, and she thereafter applied for workers' compensation benefits. After a hearing, a workers' compensation law judge found that the injury arose out of and in the course of her employment and established the claim. A divided panel of the Workers' Compensation Board affirmed, prompting the employer and its workers' compensation carrier to seek full Board review as of right (see Workers' Compensation Law § 23). The full Board also affirmed, and the employer and carrier now appeal.

We affirm. The employer and carrier concede that claimant was an "outside employee" entitled to expanded workers' compensation coverage and that it was "reasonable and customary for [her] to have obtained a meal" between assignments (*Matter of Hamm v USF Red Star*, 284 AD2d 793, 794 [2001], *lv denied* 97 NY2d 602 [2001]; *see Matter of Neacosia v New York Power Auth.*, 85 NY2d 471, 475 [1995]). They argue, however, that claimant's travel to the festival for lunch was so unreasonable as to constitute a disqualifying deviation from her employment, which presented a factual issue for the Board to resolve (*see Matter of Richardson v Fiedler Roofing*, 67 NY2d 246, 249 [1986]; *Matter of Hamm v USF Red Star*, 284 AD2d at 794). Claimant checked in with her supervisor after her 1:30 P.M. appointment as required, and was advised that she should get lunch, as no new appointments prior to 3:30 P.M. had been scheduled. The festival was not a significant departure from claimant's route to her next appointment and, while the gap between appointments exceeded claimant's allotted time for lunch, she was paid after her lunch break even if she had no scheduled appointments and carried her beeper should any work arise. Substantial evidence thus supports the Board's determination that claimant's dining at the festival did not constitute a

disqualifying deviation from her employment (*see Matter of Laubeck v Toc's Prods. Co.*, 286 NY 577, 577 [1941]; *Matter of Hamm v USF Red Star*, 284 AD2d at 794; *Matter of Pallas v New York State Police*, 33 AD2d 528, 528-529 [1969]).

Mercure, J.P., Spain, Rose and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.