■ In the Matter of the Claim of JOSEPH SACZAWA, Appellant, v UNITED PARCEL SERVICE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [653 NYS2d 436] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed May 17, 1995, which denied claimant's application for reconsideration of a prior decision ruling, *inter alia*, that claimant was not entitled to certain disability benefits.

On March 11, 1982, claimant was injured while working for his employer. He received workers' compensation benefits until February 17, 1984, when a dispute arose concerning whether claimant was entitled to further benefits. By decision dated August 7, 1985, the Workers' Compensation Board concluded that claimant had no further causally related disability and closed the case. Based on a medical form dated May 10, 1989

---

and filed May 19, 1989, which contended that there was a change in claimant's condition, the Board reopened the case. By decision filed October 30, 1990, claimant was awarded benefits, but only subsequent to May 19, 1989. Claimant contested this finding and ultimately, by a decision filed January 13, 1995, the Board awarded claimant 104 weeks of benefits for the time period between February 17, 1984 and May 10, 1989. By letter dated February 6, 1995, claimant requested reconsideration. The Board denied the request and claimant appeals.

Initially, we note that claimant has not appealed from the Board's January 13, 1995 decision which addressed the merits of his case. Accordingly, claimant's arguments with respect to that decision are not properly before this Court. In this regard, we note that claimant's February 6, 1995 letter to the Board establishes that he received timely notification of the Board's January 13, 1995 decision. Nevertheless, he failed to file his notice of appeal to this Court within the required 30-day time period (*see*, Workers' Compensation Law § 23). In addition, an appeal from a denial of a request for reconsideration does not bring up for review the merits of the underlying decision of the Board (*see generally, Matter of Pressler v Maner Mfg.*, 72 AD2d 629, *lv denied, lv dismissed* 49 NY2d 709, 1044).

Turning to the Board's denial of reconsideration, our review is limited to the question of whether the Board abused its discretion or acted in an arbitrary and capricious manner (*see, Matter of Dukes v Capitol Formation*, 213 AD2d 756, *lvs dismissed* 86 NY2d 810, 87 NY2d 891). Here, claimant's request was denied on the ground that the Board fully considered the matter at the time it rendered the January 13, 1995 decision. The record reveals that at the time of the January 13, 1995 decision, the Board had before it all of claimant's medical documentation that claimant was relying on to support his claim for additional benefits. The Board considered this evidence when it issued the January 13, 1995 decision. Claimant's February 6, 1995 request for reconsideration did not contain any information that was not previously available to him at the time of the January 13, 1995 decision (*see, Matter of Ziskind v Green Thumb Spray Corp.*, 207 AD2d 933). There is simply nothing in the record to warrant the conclusion that the Board abused its discretion in denying claimant's request for reconsideration (*see, Matter of Garafolo v Arms Hills Supermarkets*, 87 AD2d 937).

Cardona, P. J., White, Casey and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.