■ In the Matter of the Claim of GERALD E. HOWELL, Respondent-Appellant, v LANGIE FUEL SERVICE, Respondent, and MEDINA MEMORIAL HOSPITAL et al., Appellant-Respondent. SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [659 NYS2d 355] —White, J. Appeal from a decision of the Workers' Compensation Board, filed January 25, 1995.

Claimant sustained a compensable injury to his upper back and neck on August 27, 1975 while he was employed by Langie Fuel Service. On April 7, 1976, the Workers' Compensation Board awarded claimant $275 for his three-week period of disability and closed the case (hereinafter claim No. 1). Subsequently, claimant was employed by Medina Memorial Hospital (hereinafter Medina) where, on January 8, 1983, he sustained a lower back injury. As a result of this injury, he was hospitalized for several days and, on March 28, 1983, underwent right L4 and L5 hemilaminectomies.

On September 3, 1985, the Board reopened claim No. 1,

restoring it to the trial calendar on the question, *inter alia*, of causally related disability. Before this issue was resolved, claimant filed a claim on August 4, 1986 pertaining to his January 8, 1983 injury (hereinafter claim No. 2). By decisions dated March 29, 1989, the Workers' Compensation Law Judge (hereinafter WCLJ) closed claim No. 1, finding no evidence of further causally related disability, and claim No. 2 on the ground that it was barred by the two-year Statute of Limitations (Workers' Compensation Law § 28). On administrative appeal, the Board rescinded both decisions; however, the full Board rescinded this decision and referred the cases to the Board panel for further consideration. Thereafter, on February 10, 1992, the Board rescinded the WCLJ's decision in claim No. 1 and restored the case to the trial calendar for further development on the issue of causally related disability. The WCLJ's decision in claim No. 2 was affirmed. Significantly, claimant did not appeal from this decision.

Following an evidentiary hearing, the WCLJ found no evidence of further causally related disability and closed the case in claim No. 1. The administrative proceedings culminated on January 25, 1995 with the Board's decision denying claimant's request to reconsider its February 10, 1992 decision relating to claim No. 2 but reversing the WCLJ's decision in claim No. 1, finding that claimant has a causally related permanent total disability after December 1, 1986 and that the disability is one half chargeable to claim No. 1. The Special Fund for Reopened Cases and Medina appeal. Claimant cross-appeals from that part of the decision that denied reconsideration of the February 10, 1992 decision finding that claim No. 2 was barred by the Statute of Limitations.

We decline claimant's invitation to consider the merits of his argument that claim No. 2 is not barred by the Statute of Limitations as it is well settled that the only issue on an appeal from a denial of a request for reconsideration is whether the Board abused its discretion or acted in an arbitrary and capricious manner (*see, Matter of Saczawa v United Parcel Serv.*, 236 AD2d 656, 657; *Matter of Ziskind v Green Thumb Spray Corp.*, 207 AD2d 933, 934). The record discloses that the Board's February 10, 1992 decision was predicated upon a review of the whole record that included the testimony of claimant and his supervisor, along with the medical reports in the file. Inasmuch as claimant's application for reconsideration did not supplement this record in any fashion, its denial by the Board was not arbitrary or capricious.

The next issue we address is whether the Board's determina-

tion that claimant's disability is causally related to his 1975 accident is supported by substantial evidence. The Board's determination is founded upon the reports and testimony of Henry Herrera, a psychiatrist who treated claimant between December 1, 1986 and January 30, 1987. He diagnosed claimant as suffering from a conversion disorder* which rendered him permanently and totally disabled. He further opined that claimant's 1975 and 1983 accidents contributed to this disorder and resultant disability but was unable to apportion the disability between them. Although there is medical evidence supporting the Special Fund's position that claimant's 1975 injury is not causally related to his disability, we defer to the Board's assessment of conflicting medical evidence, especially where it involves the issue of causality (*see, Matter of Diliberto v Hickory Farms*, 236 AD2d 663; *Matter of Olsen v Spencer, White & Prentiss*, 222 AD2d 915). Accordingly, since reasonable minds could accept Herrera's reports and testimony as adequate proof supporting the Board's determination, we find that it is supported by substantial evidence (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180).

We will not disturb the Board's equal apportionment of claimant's disability between his two accidents since this issue is peculiarly within its province (*see, Matter of Henderson v Capitol Davis Joint Venture*, 98 AD2d 894; *see also*, 110 NY Jur 2d, Workers' Compensation, § 320, at 48). Also, in the absence of evidence to the contrary, the Board did not abuse its discretion in arriving at the challenged apportionment (*compare, Matter of Miller v Congel-Palenscar, Inc.*, 236 AD2d 645, 646).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.

* A psychiatric disorder which manifests itself with an alteration or loss of physical function.