■ In the Matter of the Claim of FRANK DILIBERTO, Appellant, v HICKORY FARMS, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [697 NYS2d 378] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed May 6, 1998, which denied claimant's request for full Board review.

A December 30, 1987 work-related accident resulted in a workers' compensation award in claimant's favor for injuries to his "back and neck". This award was subsequently expanded by the Workers' Compensation Law Judge to include his lower back. In response, the employer and insurance carrier filed an application for Workers' Compensation Board review arguing that claimant's herniated disc (subsequently confirmed in a 1990 CAT scan) could not have been causally related to the accident. They argued that claimant was asymptomatic for over a year after successful treatment for his neck strain, thus contraindicating a causally related disc injury. After additional medical testimony, by decision filed August 4, 1995, the Board disallowed the lower back injury finding no credible medical evidence of a causally related back condition, a determination which was affirmed by this Court on appeal (236 AD2d 663).

The instant appeal is from a decision denying full Board review and/or reconsideration of a December 31, 1997 decision which denied claimant's application for a rehearing. The application for rehearing was predicated largely on claimant's allegations that the chiropractor who treated him immediately after the accident committed malpractice in failing to adequately diagnose his injuries and that his attorney failed to properly litigate his case.

We begin by noting that appellate review of the denial of a request for a rehearing is limited to whether the Board abused its discretion or acted in an arbitrary or capricious manner (see, Matter of Dukes v Capitol Formation, 213 AD2d 756, lv dismissed 86 NY2d 810, appeal dismissed 87 NY2d 891). On the rehearing application, the only "new evidence" submitted by claimant to support his claim that he had complained of disc related pain in the months immediately following the accident consisted of records from his chiropractor reporting hip pain for which lower back exercises had been prescribed. These very records, however, had formed the basis of the Workers' Compensation Law Judge's amended decision—later reversed—to include the lower back injury and thus were before the Board prior to its August 4, 1995 determination. Under these circumstances, we cannot say that it was an abuse of discretion or arbitrary and capricious for the Board to reject

claimant's application for a rehearing, especially where the claimed "new evidence" had previously been considered by the Board and claimant did not supplement the record in any meaningful fashion (see, Matter of Howell v Langie Fuel Serv., 241 AD2d 568, 569).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.