■ In the Matter of the Claim of PAULINE BROOMFIELD, Respondent, v ROOSEVELT HOTEL CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 454] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 30, 1998, which denied the employer's request for full Board review.

After claimant filed a discrimination complaint pursuant to Workers' Compensation Law § 120 in March 1995, the hearing on the complaint was repeatedly rescheduled either in response to the employer's numerous requests for adjournments or its failure to appear. The notice of the last of the rescheduled hearings contained an additional provision advising that it would be the employer's final opportunity to appear with witnesses. The employer failed to appear and, based upon the testimony of claimant and another witness, the Workers' Compensation Law Judge (hereinafter WCLJ) found that the employer had discriminated against claimant by failing to return her to work when she was able. The WCLJ's decision was filed and served April 14, 1997.

The employer filed its untimely request for review by the Workers' Compensation Board in September 1997. A panel of the Board—noting the evidence that the employer had been notified of all hearings and of the WCLJ's decision—denied the employer's application for review, concluding that the employer had failed to show good cause why the untimely appeal should be entertained. The employer requested full Board review which was denied on the ground that the Board panel had fully considered the matter and neither full Board review nor reconsideration was warranted. The employer appeals from the denial of its request for full Board review.

Where, as here, the Board panel's decision is unanimous, the determination to grant or deny a request for full Board review is discretionary (*see, Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689). In such a case, this Court's review "is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner" (*Matter of Dukes v Capitol Formation*, 213 AD2d 756, 757, *lv dismissed* 86 NY2d 810, *appeal dismissed* 87 NY2d 891; *see, Matter of DiLiberto v Hickory Farms*, 265 AD2d 759, *lv dismissed* 94 NY2d 875). A review of the relevant information in the record discloses no abuse of discretion in the denial of the employer's request for full Board review and the decision is, therefore, affirmed.

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.