■ In the Matter of the Claim of JOHN A. BAL, Appellant, v SIDEWALK OF NEW YORK PRODUCTIONS, INC., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [704 NYS2d 367] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed May 8, 1998, which denied claimant's request for full Board review.

Following his discharge from employment in May 1991, claimant filed a discrimination claim pursuant to Workers' Compensation Law § 120, alleging that he had been discharged in retaliation for filing a claim for workers' compensation benefits. According to claimant, he sustained a work-related injury on May 20, 1991 which he immediately reported to his employer. Claimant testified that when he informed his supervisor that his doctor had directed him not to return to work for two weeks, the supervisor told him that was not practical and discharged him. The employer's representatives testified that the decision to terminate claimant's employment was made near the end of his six-week probationary period, before May 20, 1991, and was based on claimant's unsatisfactory job performance. According to the employer's director, claimant failed to attend the scheduled meeting at which he

was to be informed of the decision. When claimant thereafter called and stated that he would not be able to meet for two weeks, the director advised him that was not practical and told him that his employment was terminated. During his cross-examination of the director, claimant produced a tape recording which he allegedly made of a telephone call with the director on May 21, 1991. The recording tended to contradict the director's testimony and supported claimant's discrimination claim. After hearing the recording, the director testified that he believed it had been pieced together from several telephone conversations.

After a lengthy hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) denied the claim, finding that claimant had been terminated for good cause and not in retaliation for seeking workers' compensation benefits. The WCLJ found claimant's testimony and the tape recording questionable. On claimant's appeal, a panel of the Workers' Compensation Board affirmed the decision of the WCLJ. Claimant thereafter applied for full Board review and now appeals from the Board's denial of that application.

Where, as here, the Board panel's decision is unanimous, the determination to grant or deny a request for full Board review is discretionary (*see, Matter of Gullo v Southern Erie Clinical Servs.*, 258 AD2d 689) and this Court's review "is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner" (*Matter of Dukes v Capitol Formation*, 213 AD2d 756, 757, *lv dismissed* 86 NY2d 810, *appeal dismissed* 87 NY2d 891). Claimant's discrimination claim ultimately distilled to an issue of credibility which the WCLJ and the Board panel resolved in favor of the employer. Although claimant contends that his testimony and the tape recording were more believable, we find no abuse of discretion in the Board's decision not to grant full Board review. Claimant had an ample opportunity to litigate his claim and did so vigorously. The Board rationally concluded that further review of the credibility issue was unwarranted.

Claimant's contention that he was deprived of the right to be represented by counsel is unsupported by the record. To the contrary, the record discloses that claimant chose to proceed *pro se.*

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.