■ In the Matter of PATRICIA A. THOMPSON, Respondent, v GENERAL MOTORS CORPORATION/DELPHI HARRISON et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [714 NYS2d 142] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed June 24, 1999, which denied an application by the employer and its workers' compensation insurance carrier for reconsideration and/or full Board review of a prior decision of the Board making a schedule loss award in favor of claimant.

Claimant filed an application for workers' compensation benefits based upon hand and leg injuries she sustained when she slipped and fell in the employer's parking lot. At the ensuing hearing, accident, notice and causal relationship were established for claimant's injuries and the matter was continued with the direction that the parties produce medical evidence on the issues of permanency and schedule loss of use on a designated hearing date some 10 months later. Although claimant was subsequently examined by the employer's medical consultant, the employer failed to produce the consultant's report on the designated date and requested a continuance so that a report could be considered. The Workers' Compensation Law Judge denied the request and, based upon the opinion expressed in claimant's medical report, found that claimant sustained a 60% permanent schedule loss of use of the left leg and a 25% permanent schedule loss of use of the right hand. On review by a Workers' Compensation Board panel, the decision of the Workers' Compensation Law Judge was unanimously affirmed. The employer and its workers' compensation insurance carrier sought reconsideration and/or full Board review, arguing that the Board panel erred in denying them an

additional opportunity to submit a consultant's report and in prematurely establishing claimant's schedule loss of use. The Board denied the application and this appeal ensued.

We affirm. Where, as here, the decision of the Board panel is unanimous, our review of the denial of a request for reconsideration or full Board review is confined to "whether the Board abused its discretion or acted in an arbitrary and capricious manner" (*Matter of Dukes v Capitol Formation*, 213 AD2d 756, 757, *lv dismissed* 86 NY2d 810; *see, Matter of Broomfield v Roosevelt Hotel Corp.*, 268 AD2d 919, 920). The issues alleged to warrant reconsideration here were fully examined by the Board panel at the time its decision was rendered and no new evidence has been presented to supplement the record in any meaningful fashion (*see, Matter of Devivo v Sizzler Rest.*, 267 AD2d 545; *Matter of DiLiberto v Hickory Farms*, 265 AD2d 759, 759-760, *lv dismissed* 94 NY2d 875). Under these circumstances, we cannot conclude that the Board abused its discretion in determining that neither reconsideration nor full Board review was warranted (*see, Matter of Bal v Sidewalk of N. Y. Prods.*, 270 AD2d 658, 659; *Matter of Stabak v ISS Intl.*, 248 AD2d 814, *lv dismissed and denied* 92 NY2d 891).

Mercure, J. P., Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.