■ In the Matter of the Claim of MARIE JEAN-LUBIN, Appellant, v HOME CARE SERVICES FOR INDEPENDENT LIVING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [745 NYS2d 84] —Peters, J. Appeal from a decision of the Workers' Compensation Board, filed January 3, 2001, which denied claimant's application for reconsideration and/or full Board review of a prior decision finding, inter alia, that claimant did not sustain a further causally related disability.

While employed as a home attendant on July 20, 1992, claimant was pushing a patient in a wheelchair when the chair struck her in the abdomen and chest on her left side. Complaining of chest pain, she was examined on August 11, 1992 by Jean Claude Compas, a family practitioner, who diagnosed her with a contusion to the left hemothorax. He concluded that claimant was initially totally disabled, but approved her to return to work with restrictions on October 5, 1992. At the time of Compas' examination, the employer filed a C-2 report with respect to claimant's injury. Thereafter, hearings were held before a Workers' Compensation Law Judge (hereinafter WCLJ) who found accident, notice and causal relationship concerning the injury to claimant's left hemothorax and awarded benefits. In September 1993, the Workers' Compensation Board upheld the WCLJ's findings with respect to accident, notice and causal relationship and the case was closed.

Thereafter, claimant continued to experience medical problems and her case was subsequently reopened on the issues of additional sites of injury and further causally related disability. Further hearings were conducted during which Leo Batash, a board-certified physician in physical medicine and rehabilitation, testified that his examination of claimant on October 15, 1993 revealed that she had a cervical strain with discogenic syndrome, left shoulder impingement syndrome, right knee internal derangement and possible fractures to the left 6th and 7th ribs, all of which he attributed to the July 20, 1992 accident. Largely based upon Batash's testimony, the WCLJ amended his prior decision finding accident, notice and causal relationship to include injuries to claimant's neck, back and left shoulder and made a classification of permanency. On February 8, 2000, however, the Board rescinded the WCLJ's decision, ruling that claimant did not sustain injuries other

than to her left hemothorax and chest in the July 20, 1992 accident and did not sustain any further causally related disability. Claimant's request for reconsideration and/or full Board review of this decision was denied and claimant now appeals.

Initially, inasmuch as claimant only appeals from the denial of her request for reconsideration and/or full Board review, the merits of the Board's underlying decision are not properly before us (see, Matter of Saczawa v United Parcel Serv., 236 AD2d 656, 657). Our review is limited to " 'whether the Board abused its discretion or acted in an arbitrary or capricious manner' " in denying claimant's request for reconsideration and/or full Board review (Matter of Thompson v General Motors Corp./Delphi Harrison, 276 AD2d 820, 821, quoting Matter of Dukes v Capitol Formation, 213 AD2d 756, 757, lv dismissed 86 NY2d 810, 87 NY2d 891). The evidence upon which claimant relies in support of her application was before the Board at the time it rendered its underlying decision. At that time, the Board fully considered the issues of additional sites of injury and further causally related disability and claimant has not presented any new evidence, previously unavailable, to supplement the record. Accordingly, we cannot conclude that the Board abused its discretion (see, Matter of Thompson v General Motors Corp./Delphi Harrison, supra at 821; Matter of Saczawa v United Parcel Serv., supra at 657).

Nevertheless, even if we were to consider the merits of the Board's February 8, 2000 decision, we would find no basis to disturb it. The record contains conflicting medical evidence, including the opinions of Compas and Batash, concerning the nature of claimant's injuries and whether they were causally related to the July 20, 1992 accident. Such contradictory evidence merely presented a credibility issue for the Board to resolve (see, Matter of Hughes v Indian Val. Indus., 290 AD2d 871, 872; Matter of Ceselka v Kingsborough Community Coll., 281 AD2d 842, 842-843), and on this record we find that substantial evidence supports the Board's decision (see, Matter of Ameen v MTA Long Is. Bus, 293 AD2d 957; Matter of Byrne v Fall Fitting, 266 AD2d 684).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.