■ In the Matter of the Claim of NICHOLAS PASCARELLA, Respondent, v MARLBORO FIRE DEPARTMENT, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [752 NYS2d 414] —Kane, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 2001, which, inter alia, denied the employer's request to cross-examine claimant's physician.

In December 1984, claimant, a volunteer firefighter, suffered an acute myocardial infarction while fighting a house fire. He was subsequently found to have suffered a causally-related permanent total disability. The matter was closed in February 1991 after the self-insured employer was found liable for claimant's disability payments, as well as for his causally-related medical expenses.

At the employer's request, claimant was examined by cardiologist Igal Zuravicky in April 2001. In the report that followed, Zuravicky opined that claimant's causally-related disability was less than total and that all but one of his prescribed medications were either unnecessary or were needed to treat claimant's coronary artery disease, a condition that was not causally related. A contrary opinion was expressed in a memorandum submitted by Joseph George, claimant's treating physician. He opined that claimant's condition was substantially unchanged since his case was closed in 1991 and that his need for each of the prescribed medications continued to be causally related. The employer then requested leave to cross-examine George. The denial of this request was confirmed by the Workers' Compensation Board which ruled that the matter was closed and directed the continued payment of claimant's disability benefits, as well as the expenses generated by his causally-related medical expenses.

With respect to the Board's denial of the employer's request for cross-examination, our review is limited to whether the Board abused its discretion or acted in an arbitrary and capricious manner (see Matter of Saczawa v United Parcel Serv., 236 AD2d 656, 657; see also Matter of Thompson v General Motors Corp./Delphi Harrison, 276 AD2d 820, 821). We conclude that it did not. The Board fully considered the issue of causality and the employer's liability when this matter was initially before it, at which time it rejected the employer's contention, attempted to be raised again in this proceeding, that claimant's condition was not causally related but was the result of preexisting coronary artery disease. As there has been no showing that claimant's physical condition or his need for the medi-

cations prescribed by his treating physician has changed since that time, we find no abuse of the Board's discretion in refusing to reopen this matter for the taking of additional testimony (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.