■ In the Matter of the Claim of JOHN PALMA, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 242] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed January 8, 2002, which denied claimant's application for a rehearing and/or reopening of the claim.

In July 1975, claimant, a Vietnam veteran, was assaulted by inmates while working as a correction officer and sustained injuries to his chest, nose and forehead. He was awarded workers' compensation benefits for temporary total disability as well as serious permanent facial disfigurement and his case was closed. Thereafter, claimant was diagnosed with posttraumatic stress disorder. His case was subsequently reopened to consider the issue of, inter alia, consequential posttraumatic stress disorder. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) denied the claim, concluding that claimant's psychiatric condition was attributable to his service in the Vietnam war. On October 2, 1998, the Workers' Compensation Board affirmed the WCLJ's decision. Claimant's application for full Board review and/or reconsideration was subsequently denied. Thereafter, claimant applied for a rehearing and/or reopening of his claim pursuant to 12 NYCRR 300.14 based upon psychiatric reports dated November 1, 1999 and November 1, 2000. By decision filed January 8, 2002, the Board denied claimant's application, resulting in this appeal.

Initially, a review of claimant's pro se brief reveals that he is essentially challenging certain rulings of the WCLJ made in connection with the decision denying his claim for consequential posttraumatic stress disorder, which was affirmed by the Board on October 2, 1998. His notice of appeal, however, indicates that he is appealing the Board's subsequent decision of January 8, 2002 denying his application for a rehearing and/or reopening of the claim. In view of this, the underlying decision is not properly before us for review (see Matter of Jean-Lubin v Home Care Servs. for Ind. Living, 295 AD2d 825, 826).

Turning to the Board's denial of claimant's application for a rehearing and/or reopening of the claim, the regulations provide that such an application must indicate that:

"(1) certain material evidence not available for presentation before the board at the time of [the] hearing is now available; or

"(2) proof of a change in condition material to the issue is involved; or

"(3) it would be in the interest of justice" (12 NYCRR 300.14 [a]).

In support of his application, claimant submitted medical reports indicating that his posttraumatic stress disorder was caused by his job as a correction officer, not his experience in Vietnam. Claimant, however, failed to demonstrate that such medical evidence was not available at the time of the hearing on his claim for consequential posttraumatic stress disorder. Indeed, the record reveals that the denial of that claim was based upon uncontradicted medical evidence establishing that claimant's psychiatric disorder was not related to the 1975 assault at work. Moreover, there is nothing in the reports submitted by claimant to indicate a change in his psychiatric condition since the hearing on that claim. Because we cannot conclude that the Board's denial of claimant's application was arbitrary or capricious or an abuse of discretion under the circumstances presented (*see Matter of DiLiberto v Hickory Farms*, 265 AD2d 759, 759, *lv dismissed* 94 NY2d 875; *Matter of Giglio v Fehlhaber Horn Corp.*, 97 AD2d 564, 565), we decline to disturb its decision.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.