■ In the Matter of the Claim of JAMES GRAHAM, Appellant, v PATHWAYS, INC., et al., Respondents. WORKERS' COMPENSA-

---

TION BOARD, Respondent. [758 NYS2d 553] —Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed August 2, 2002, which denied claimant's application for reconsideration and/or full Board review of a prior decision finding that claimant is not entitled to further workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v).

Claimant suffered a work-related right shoulder injury in 1991 and, after he was awarded a 55% scheduled loss of use of his right arm in January 1994, his case was closed. In 2000, claimant applied to have his case reopened in order to obtain additional workers' compensation benefits pursuant to Workers' Compensation Law § 15 (3) (v). As is relevant here, a Workers' Compensation Law Judge found that Workers' Compensation Law § 15 (3) (v) was not applicable in claimant's case. Upon review, the Workers' Compensation Board found, by unanimous decision filed October 17, 2001, that claimant's loss of wage earning capacity was not solely attributable to his 1991 injury, as required for Workers' Compensation Law § 15 (3) (v) benefits, but rather was also attributable to prior back and prostate surgeries and to personal and economic issues. Claimant's application for reconsideration and/or full Board review was denied, prompting this appeal.

Inasmuch as claimant is appealing only from the denial of his application for reconsideration and/or full Board review, the merits of the underlying October 17, 2001 Board decision are not properly before us (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living,* 295 AD2d 825, 826 [2002]). Instead, our review is limited to determining whether the denial of claimant's application for full Board review was arbitrary and capricious or an abuse of discretion (*see Matter of Howard v New York Times,* 302 AD2d 698, 699-700 [2003]; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living, supra* at 826; *Matter of Thompson v General Motors Corp./Delphi Harrison,* 276 AD2d 820, 821 [2000]). The Board fully considered the issues raised by claimant in his application for reconsideration and/or full Board review and, as claimant presented no new evidence that was previously unavailable to supplement the record, we cannot say that the Board's denial of claimant's application was arbitrary and capricious or an abuse of discretion (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living, supra; Matter of Thompson v General Motors Corp./Delphi Harrison, supra*). In any event, were we to reach the merits of the Board's decision, we would find that substantial evidence supports the Board's determination that Workers' Compensation Law § 15 (3) (v) is not applicable in claimant's case.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.