■ In the Matter of the Claim of CELSO MACARENO, Respondent, v SON YENG PRODUCE, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 871] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 4, 2002, which denied the application of Son Yeng Produce, Inc. for a rehearing and/or reopening of the claim.

On March 27, 1999, while working as a delivery person for Son Yeng Produce, Inc., claimant injured his left ankle and right shoulder when he was moving some boxes with a machine. He filed a claim for workers' compensation benefits. The first three hearing notices sent to Son Yeng advised that hearings would be conducted at the offices of the Workers' Compensation Board in Brooklyn to resolve various issues, including the existence of an employment relationship. Jurisdiction over Son Yeng was established, but due to claimant's failure to appear at these hearings, the case was closed pending the location of claimant's whereabouts.

All subsequent hearing notices sent to Son Yeng advised that further hearings would be conducted at the Board's Queens location. A representative of Son Yeng appeared at three hearings scheduled at the Queens site but claimant failed to appear at these hearings and the Workers' Compensation Law Judge (hereinafter WCLJ) declined to take further action. In November 2001, the case was reopened to provide claimant the opportunity to prosecute the claim. Claimant appeared at the hearing held December 21, 2001, but a representative of Son Yeng did not. By decision filed January 7, 2002, the WCLJ established the case for accident, notice and causal relation-

ship and, among other things, awarded claimant a 10% schedule loss of use of the left foot. The WCLJ further found an employment relationship between Son Yeng and claimant. On January 11, 2002, Son Yeng filed an application before the Board seeking rescission of the WCLJ's decision and the opportunity to testify against the claim. The Board denied this application and this appeal ensued.

In its application to the Board, Son Yeng, in essence, sought a rehearing and/or reopening of the claim. Pursuant to 12 NYCRR 300.14 (a), an application for a rehearing must indicate that:

"(1) certain material evidence not available for presentation before the board at the time of hearing is now available; or

"(2) proof of a change in condition material to the issue is involved; or

"(3) it would be in the interest of justice."

In the instant case, Son Yeng did not assert any of these grounds in support of its application. Rather, it contended that it did not have notice of the fact that the December 21, 2001 hearing was held at the Board's Queens location instead of its Brooklyn location and its representative went to the wrong office. Son Yeng further maintained that it was not claimant's employer. Given that Son Yeng was properly notified that the December 21, 2001 hearing was scheduled at the Queens location but inexplicably went to the Brooklyn location and it was afforded numerous opportunities to contest the existence of an employment relationship, we do not find that the Board's denial of its application was arbitrary, capricious or an abuse of discretion (see Matter of Palma v New York City Dept. of Corrections, 301 AD2d 774, 775 [2003]; Matter of Diliberto v Hickory Farms, 265 AD2d 759, 759 [1999], lv dismissed 94 NY2d 875 [2000]). Therefore, we decline to disturb its decision.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.