■ In the Matter of the Claim of GEORGE JOYCE, Appellant, v UNITED FOOD & COMMERCIAL WORKERS LOCAL 342-50 et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [763 NYS2d 681] —Kane, J. Appeals (1) from a decision of the Workers' Compensation Board, filed August 31, 2001, which, inter alia, ruled that claimant did not suffer from a causally related disability after December 1, 1999, and (2) from a decision of said Board, filed December 6, 2002, which denied claimant's application for full Board review.

Claimant, a former union representative, was diagnosed with, among other things, an explosive personality disorder. He filed for workers' compensation benefits and his claim was established as a total disability for a work-related stress disorder. His average weekly wage was determined based on the employer's submissions. In time, the workers' compensation carrier contended that claimant no longer suffered from

---

any work-related condition and sought to cease payments. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant suffered from a mild disability, reduced claimant's award, and maintained the average weekly wage. The Workers' Compensation Board modified the WCLJ's determination, finding that claimant's disability was no longer work related, but declined to alter the average weekly wage. Claimant applied for full Board review, which was denied. He appeals from the Board's decision and the denial of full Board review.

The Board's determination will be upheld if supported by substantial record evidence (*see Matter of Moore v J & R Vending Corp.*, 297 AD2d 887, 888 [2002]; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826 [2002]). It is within the Board's discretion to resolve issues of credibility, especially among conflicting medical experts (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living, supra* at 826; *Matter of Di Fabio v Albany County Dept. of Social Servs.*, 162 AD2d 775, 775 [1990]), with such resolution accorded great deference "particularly as it relates to issues of causation" (*Matter of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 728 [2002], *lv denied* 99 NY2d 504 [2002]). Here, the Board found more credible the carrier's medical expert, who determined that claimant's personality disorder was neither work-related nor did it disable him from working. Claimant contends that the Board relied upon a misstatement in records from claimant's treating psychologist. Significantly, the carrier's expert did not rely on the alleged misstatements of claimant's pension income or his previous hospitalization. As there is substantial evidence for the determination that claimant does not suffer from a work-related disability, it will not be disturbed.

Claimant contends that the Board should have refigured the average weekly wage. "In the ordinary case, the employer will make its payroll records available to the Board and, unless challenged by the employee, these records will be used to establish the [average weekly wage]" (Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 14, at 470). That is exactly what occurred here, with no challenge by claimant, who, although not present at the time, did receive notice of the determination. Over a year later, at the second day of the hearing, after claimant's counsel had confirmed the wage figure and without having raised the issue previously, claimant noted that the amount was incorrect and wished to revise it. The WCLJ was not

required to entertain this topic, as claimant failed to provide notice that this issue was in dispute (*see* 12 NYCRR 300.33 [e]).

Our review of the denial of a request for full Board review is limited to whether that denial was arbitrary, capricious or an abuse of discretion (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living, supra* at 826; *Matter of Howell v Langie Fuel Serv.,* 241 AD2d 568, 569 [1997]). New evidence regarding claimant's financial situation was irrelevant as it was collateral and the Board did not rely on his financial circumstances in rendering its decision. Submissions to correct or clarify the records of claimant's treating psychologist were unnecessary because the carrier's expert, upon whose opinion the Board rested its decision, did not rely on alleged misstatements in those records. Accordingly, the Board did not abuse its discretion in denying full Board review, as these new submissions would not alter the evidence which formed the basis of the original decision.

Crew III, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.