In the Matter of the Claim of REX O. DEPEW, Appellant, v LANCET ARCH, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 408]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed October 3, 2002, which denied claimant's application for reconsideration and/or full Board review of a previous decision finding, inter alia, that claimant did not sustain a causally related disability.

When this matter was last before us, we affirmed the Workers' Compensation Board's finding that claimant did not sustain an accidental injury in the course of his employment and upheld the resulting denial of claimant's application for workers' compensation benefits (292 AD2d 666 [2002]). Claimant thereafter applied to reopen and restore this matter to the trial calendar based upon newly discovered evidence (see 12 NYCRR 300.14). A Board panel denied that request by decision filed June 6, 2002. Claimant's subsequent application for reconsideration and/or full Board review was denied by decision filed October 3, 2002, and this appeal ensued.

We affirm. As a starting point, inasmuch as claimant has appealed only the denial of his application for reconsideration and/or full Board review, the merits of the Board's June 2002 decision are not before us (see Matter of Graham v Pathways, Inc., 305 AD2d 830, 831 [2003]; Matter of Jean-Lubin v Home Care Servs. for Ind. Living, 295 AD2d 825, 826 [2002]). Rather, our inquiry is limited to ascertaining whether the denial of claimant's application for reconsideration and/or full Board review was arbitrary and capricious or an abuse of discretion (see id.).

Based upon our review of the record as a whole, we cannot say that the "newly discovered evidence" cited by claimant

meets the standards set forth in 12 NYCRR 300.14. Claimant initially sought to introduce the transcript of a coworker's testimony given in the course of a discrimination suit filed by claimant against the employer following the denial of his claim for workers' compensation benefits. The record makes plain, however, that the information possessed by this witness has existed since the inception of this matter and simply was not presented due to claimant's inability to procure the witness's presence, either in person or by telephone, on any of the scheduled hearing dates. In our view, the mere fact that claimant finally has succeeded in securing such testimony in the context of an unrelated proceeding does not provide a basis for granting the requested relief. We reach a similar conclusion with regard to the medical reports prepared by physicians who examined claimant after his case was closed, as claimant has failed to demonstrate, inter alia, that comparable medical evidence was not available at the time of the compensation hearings (*see Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774, 775 [2003]). Thus, we are unable to discern any basis upon which to disturb the Board's denial of claimant's application. Claimant's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.