In the Matter of the Claim of YITKA KOZAK, Appellant, v SUNY AT OLD WESTBURY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [768 NYS2d 421]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed January 29, 2003, which denied claimant's application for full Board review of a prior decision of the Board finding that claimant did not sustain a compensable injury.

In March 1998, after leaving her job at a college due to mental anxiety and depression, claimant filed an application for workers' compensation benefits. A Workers' Compensation Law Judge (hereinafter WCLJ) subsequently ruled that, pursuant to Workers' Compensation Law § 2 (7), claimant's alleged stress-related injury was a direct consequence of lawful personnel decisions and, therefore, was not compensable. By decision filed February 14, 2001, the Workers' Compensation Board upheld the WCLJ's findings and closed the case. Thereafter, claimant sought full Board review of this decision. The application was denied and this appeal by claimant ensued.

Initially, we note that claimant is appealing only from the Board's decision denying full Board review and, therefore, the merits of the Board's February 14, 2001 decision are not properly before us (see Matter of Graham v Pathways, Inc., 305 AD2d 830, 831 [2003]; Matter of Jean-Lubin v Home Care Servs. for Ind. Living, 295 AD2d 825, 826 [2002]). Our review is limited to whether the denial "was arbitrary and capricious or an abuse of discretion" (Matter of Graham v Pathways, Inc., supra at 831; see Matter of Thompson v General Motors Corp./Delphi Harrison, 276 AD2d 820, 821 [2000]). In support of her application for full Board review, claimant did not present any new evidence to supplement the record, but simply argued that the WCLJ's conclusions regarding certain factual matters were not supported by substantial evidence. Based upon the record before us, we find no abuse of discretion in the Board's denial of claimant's application.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.