■ In the Matter of the Claim of LISA M. OSTUNI, Appellant, v TOWN OF RAMAPO, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [779 NYS2d 629]—

Peters, J. Appeal from a decision of the Workers' Compensation Board, filed July 22, 2002, which denied claimant's application for reconsideration and/or full Board review of a prior decision ruling, inter alia, that claimant did not sustain a work-related injury.

Claimant applied for workers' compensation benefits, alleging that she had injured her back in November 1990 while working as a ballet instructor for her employer. Following several hearings and numerous continuances and additional proceedings, the claim was disallowed in 1996. The denial was ultimately upheld by an amended decision of the Workers' Compensation Board in September 2001, which found that insufficient credible evidence existed to establish that claimant had suffered a work-related injury. Thereafter, the Board also denied claimant's application for reconsideration and/or full Board review of this decision, prompting claimant's pro se appeal.

It appears that claimant has only appealed from the denial of her request for reconsideration and/or full Board review; thus, our review is limited to whether the Board's denial of claimant's application was arbitrary or capricious or otherwise constituted an abuse of discretion (*see Matter of Graham v Pathways*, 305 AD2d 830, 831 [2003], *lv dismissed* 1 NY3d 564 [2003]; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826 [2002]). Upon our review of the extensive record, we are satisfied that the Board fully considered all the evidence before it on the issue of whether claimant had sustained a compensable injury in November 1990 and, further, that no new evidence, previously unavailable to the Board, has been offered that would warrant altering its decision (*see Matter of Graham v Pathways, supra* at 831; *Matter of Saczawa v United Parcel Serv.*, 236 AD2d 656, 657 [1997]).

Were we to nonetheless reach the merits, we would conclude that substantial evidence supports the Board's September 2001 decision that claimant's injuries are not compensable. There is ample evidence in the record, particularly claimant's own admissions and the testimony of her treating physicians, supporting the Board's factual determination that her recurring lower back pain stems not from her alleged November 1990 injury, but from a host of similar injuries that either predated or followed this incident. We further note that it was within the Board's province to reject the contrary testimony of claimant and her

family physician as not credible (*see Matter of Moore v J & R Vending Corp.*, 297 AD2d 887, 888 [2002]). Therefore, we decline to disturb the Board's decision. As claimant's remaining claims find no support in the record, they are rejected as meritless.

Cardona, P.J., Spain, Carpinello and Kane, JJ., concur. Ordered that decision is affirmed, without costs.