■ In the Matter of the Claim of ARLENE RAKOWSKI, Appellant, v STATE INSURANCE FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [782 NYS2d 167]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed June 12, 2002, which denied claimant's application for reconsideration and/or full Board review of a prior decision and amended decision of the Board finding that claimant did not sustain a compensable injury.

Claimant, an employee of the Department of Labor from 1975 through 1991, applied for workers' compensation benefits, alleging that poorly ventilated formaldehyde fumes emanating from office furniture at her workplace had caused her to sustain numerous injuries, including fibromyalgia and neurological damage. The Workers' Compensation Board disallowed the claim by a decision and an amended decision filed in May 2001, finding that claimant had not established a prima facie case and, further, that the claim constituted an improper attempt to reopen a previously disallowed claim brought by claimant several years earlier, in which claimant had unsuccessfully alleged that poor ventilation and air quality at the same workplace during the same time period had caused her to suffer "sick building syndrome"; the prior Board decision of 1996 was subsequently affirmed by this Court (*Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020, 1020 [1997], *lv denied* 91 NY2d 807 [1998]). Claimant now appeals from the Board's subsequent denial of her application for reconsideration and/or full Board review of the May 2001 decisions.

Inasmuch as claimant appealed only from the Board's denial of her application for reconsideration and/or full Board review, the merits of the Board's May 2001 decisions are not before this Court. Accordingly, we must limit our inquiry to an examination of whether the denial of claimant's application for

reconsideration or full Board review was arbitrary or capricious or an abuse of discretion (*see Matter of Kozak v SUNY at Old Westbury*, 2 AD3d 1146 [2003]). Based on our review of the record as a whole, we are satisfied that the Board did not abuse its discretion in determining that the conclusions stated in the medical reports submitted by claimant on her current claim were merely duplicative of conditions that claimant alleged in her previous claim denied in 1996 and, in any event, were insufficient to support a prima facie case for a new accident or occupational disease. Therefore, we see no reason to disturb the Board's decision (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826 [2002]).

Spain, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.