■ In the Matter of the Claim of JOSEPH ADAMO, Appellant, v RICHARD SPOERING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [786 NYS2d 267]—

Carpinello, J. Appeal from a decision of the Workers' Compen-

sation Board, filed September 4, 2003, which denied claimant's application for reconsideration and/or full Board review of its prior decision, inter alia, rescinding the amendment of the claim to include aggravation of claimant's preexisting arthritic right hip.

Claimant, a butcher, injured his back on April 15, 1998 when he attempted to catch a hindquarter of meat as it was falling out of a delivery van. He promptly saw an orthopedic surgeon who diagnosed him with chronic lumbar radiculitis with acute exacerbation, and osteoarthritis of the right hip. A workers' compensation claim was filed and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the case for a work-related injury to claimant's back and also found that claimant had presented prima facie medical evidence of the aggravation of a preexisting arthritic right hip. Following a further hearing, the WCLJ, among other things, amended the claim to include the aggravation of claimant's preexisting arthritic right hip. The employer's workers' compensation carrier sought review before the Workers' Compensation Board which rescinded the WCLJ's decision and returned the case to the trial calendar for further development of the record, with a referral to an impartial specialist concerning various issues, including the aggravation of claimant's preexisting arthritic right hip. After additional hearings, during which the impartial specialist testified and provided a report, the Board agreed with the specialist's conclusion that the aggravation of claimant's preexisting arthritic right hip was not causally related to the April 15, 1998 accident. Consequently, the Board rescinded that portion of the WCLJ's prior decision as had amended the claim to include such injury. Thereafter, claimant sought reconsideration and/or full Board review of this decision. The motion was denied and claimant now appeals.

We affirm. Initially, we note that although claimant argues the merits of the rescission of the amendment of the claim in his brief, he has only filed a notice of appeal from the Board's decision denying his application for reconsideration and/or full Board review. Thus, our review is limited to "whether there was an abuse of the Board's discretion or whether it acted in an arbitrary or capricious manner in denying the . . . request for reconsideration and/or full Board review" (*Matter of Doherty v Colgate Univ.*, 3 AD3d 810, 810-811 [2004]; *see Matter of Graham v Pathways*, 305 AD2d 830, 831 [2003], *lv dismissed* 1 NY3d 564 [2003]). Based upon our review of the record, we conclude that there was not. The Board considered all the evidence before it, including the medical opinions of experts other

than the impartial specialist, in rendering its decision, and claimant did not present any evidence, previously unavailable, in support of his case. Consequently, the denial of his application was warranted (*see Matter of Ostuni v Town of Ramapo*, 8 AD3d 915, 916 [2004]; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826 [2002]). Even if we were to address the Board's underlying decision, we would find claimant's argument to be unpersuasive as conflicting medical evidence was presented on the issue of the cause of the aggravation of claimant's preexisting arthritic right hip, which presented an issue of credibility for the Board to resolve (*see Matter of Jean-Lubin v Home Care Servs. for Ind. Living, supra* at 826).

Mercure, J.P., Crew III, Spain and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.