■ In the Matter of BASDEO RAMBALLY, Respondent, v FRED GREENBERG, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [788 NYS2d 225]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 3, 2003, which denied the employer's application for reconsideration and/or full Board review of a prior decision ruling, inter alia, that claimant was an employee of Fred Greenberg and awarded him workers' compensation benefits.

Claimant, a housekeeper, suffered a work-related injury to his back in February 1995 while cleaning a hotel. He applied for workers' compensation benefits citing "Twenty-Twenty Hotel Ser[vice]," a corporation formed after his injury, as his employer and listing Fred Greenberg as the employer or supervisor notified of his injury. Accordingly, a question arose concerning the identity of claimant's employer and several hearings were held to resolve the issue. Greenberg, who was the principal of 20-20 Drapery and Upholstery, Inc., a company which was dissolved before claimant's injury, was notified of the hearings but failed to appear. He did, however, send a letter to the Workers' Compensation Board stating that claimant was never employed by him or any of his companies. Jurisdiction was established over Greenberg by an alternative method of service.

At a January 2002 hearing before a Workers' Compensation Law Judge (hereinafter WCLJ), claimant testified that he was employed by Greenberg when he injured his back while moving a file cabinet. He stated that he worked approximately eight

hours a day, four to six days a week, and that Greenberg paid him cash at the work site. Greenberg failed to appear at the hearing and the WCLJ ruled, among other things, that claimant was an employee of Greenberg and that Greenberg was uninsured on the date of the injury. A timely application for Board review of the WCLJ's decision was made by Greenberg. By decision filed November 4, 2002, the Board affirmed the WCLJ's decision and closed the case. Some nine months later, Greenberg sought reconsideration and/or full Board review of this decision claiming that he never received the November 4, 2002 decision because it was apparently mailed to an old address he had not used in over 10 years. His application was denied and this appeal ensued.

Inasmuch as Greenberg is appealing only from the Board's denial of his application for reconsideration and/or full Board review, the merits of the underlying November 4, 2002 Board decision are not properly before us (*see Matter of Ostuni v Town of Ramapo,* 8 AD3d 915, 916 [2004]; *Matter of Kozak v SUNY at Old Westbury,* 2 AD3d 1146, 1146 [2003]). Our review is limited to determining whether the denial of Greenberg's application for reconsideration and/or full Board review " 'was arbitrary and capricious or an abuse of discretion' " (*Matter of Kozak v SUNY at Old Westbury, supra* at 1146, quoting *Matter of Graham v Pathways, Inc.,* 305 AD2d 830, 831 [2003], *lv dismissed* 1 NY3d 564 [2003]; *see Matter of Jean-Lubin v Home Care Servs. for Ind. Living,* 295 AD2d 825, 826 [2002]). In support of his application for full Board review, Greenberg simply argued that he did not have notice of the November 4, 2002 Board decision affirming the WCLJ's decision, that he had denied in December 1998 an employer-employee relationship with claimant and further development of the record in that regard was necessary. Greenberg does not deny that he received numerous notices scheduling hearing dates for the specific purpose of determining the proper employer entity and opted not to appear. Nor does he present any new evidence to supplement the record. Accordingly, upon our review of the record, we cannot say that the Board's denial of Greenberg's application was arbitrary and capricious or an abuse of discretion (*see Matter of Kozak v SUNY at Old Westbury, supra* at 1146).

Peters, J.P., Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.