In the Matter of the Claim of WILLIAM BROMLEY, Appellant, v RICH ALUMINUM AND VINYL SIDING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [797 NYS2d 184]—

Mercure, J.P. Appeal from a decision of the Workers' Compensation Board, filed May 12, 2004, which denied claimant's application for reconsideration and/or full Board review of a prior decision ruling that claimant did not suffer an accidental injury arising out of and in the course of his employment.

Claimant was employed as a sales manager for a vinyl siding company when, on July 5, 2001, he allegedly injured his left knee while inspecting a customer's leaking roof. As is relevant here, a Workers' Compensation Law Judge ruled that claimant did not suffer a compensable injury, citing claimant's lack of credibility as the primary factor, and disallowed his claim for workers' compensation benefits. By a decision filed April 24, 2003, the Workers' Compensation Board affirmed the decision of the Workers' Compensation Law Judge and closed the case. No appeal from that decision was taken. Thereafter, claimant applied for reconsideration and/or full Board review of the April 24, 2003 decision. His application was denied and claimant now appeals.

Inasmuch as claimant is appealing only from the denial of his application for reconsideration and/or full Board review, the merits of the underlying April 24, 2003 Board decision are not properly before us (see Matter of Rambally v Greenberg, 14 AD3d 742, 743 [2005]; Matter of Adamo v Richard Spoering, Inc., 13 AD3d 882, 883 [2004]; Matter of Graham v Pathways, Inc., 305 AD2d 830, 831 [2003], lv dismissed 1 NY3d 564 [2003]).

Consequently, our review is limited to whether the denial of claimant's application for reconsideration and/or full Board review was arbitrary and capricious or an abuse of discretion (*see Matter of Rambally v Greenberg, supra* at 743; *Matter of Adamo v Richard Spoering, Inc., supra* at 883).

In support of his application for reconsideration and/or full Board review, claimant submitted an affidavit of a former coworker in which the coworker recanted his prior hearing testimony, which was unfavorable to claimant. However, the employer revealed that the coworker had been terminated for misconduct subsequent to his hearing testimony. Insofar as it was within the Board's discretion to reject the affidavit as not credible (*see Matter of Sohmer v Arben Constr. Co.*, 1 AD3d 727, 728 [2003]; *Matter of Castro v Tishman Speyer Props.*, 303 AD2d 790, 791 [2003]), we cannot say that the Board's denial of claimant's application was arbitrary and capricious or an abuse of discretion (*see Matter of Kozak v SUNY at Old Westbury*, 2 AD3d 1146, 1146 [2003]).

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.