■ In the Matter of the Claim of ARLENE RAKOWSKI, Appellant, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [825 NYS2d 583]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed July 6, 2005, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

Claimant was employed by the Department of Labor from 1975 through 1991. In June 1990, she applied for workers' compensation benefits alleging that she suffered from symptoms, including dizziness, headaches and nausea, as a result of poor air quality and ventilation at her workplace. The Workers' Compensation Board denied claimant's application. On appeal, we affirmed the Board's decision due to claimant's failure to establish that she suffered an accidental injury or that her condition qualified as an occupational disease (*Matter of Rakowski v New York State Dept. of Labor*, 243 AD2d 1020 [1997], *lv denied* 91 NY2d 807 [1998]).

Thereafter, starting in July 1998, claimant filed a series of additional workers' compensation claims alleging that she experienced various new conditions, including fibromyalgia and neurological damage, caused by poorly ventilated formaldehyde fumes emanating from her workplace. The Board disallowed her claims, prompting her appeal. We affirmed, finding that the Board did not abuse its discretion in determining that claimant's

asserted conditions were duplicative of those which were previously alleged and denied, and were insufficient to support a prima facie case for a new accident or occupational disease (*Matter of Rakowski v State Ins. Fund*, 10 AD3d 817 [2004]).

In April 2004, claimant filed another application for benefits alleging new illnesses, including lung nodules and posttraumatic stress, stemming from a workplace exposure to formaldehyde fumes which were defectively ventilated. The Board denied her application on the grounds that her claims arose out of the same exposure previously alleged, merely restated her prior claims, were speculative given the passage of time and the posttraumatic stress claim need not be considered because there was no evidence of a compensable accident or occupational disease. Claimant appeals and, once again, we affirm.

Claimant argues that her current claim is not simply a rehash of her prior claims because she has set forth different injuries and, unlike with her first claim, has cited to the existence of formaldehyde as a cause of her condition. Despite that attempt to differentiate, however, the crux of her present claims remains that her ailments occurred as the result of an exposure to toxins at her place of employment in 1990. Upon review of the entire record, we cannot conclude that the Board improvidently exercised its discretion in determining that such a claim has already been fully litigated and decided (*Matter of Rakowski v State Ins. Fund, supra; Matter of Rakowski v New York State Dept. of Labor, supra*). Additionally, substantial evidence supports the Board's findings that the posttraumatic stress claim cannot be considered without proof of some compensable work-related accident or occupational disease, and the passage of time rendered speculative the alleged link between claimant's new injuries and any exposure at her workplace in 1990. Accordingly, we will not disturb the Board's decision.

Finally, we do not find this appeal so frivolous as to require the imposition of sanctions against claimant.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.