◼ In the Matter of the Claim of OMAR MOLINA, Respondent, v ROCKY LOPANO, Appellant and FD PROPERTY HOLDING, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [850 NYS2d 669]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed February 15, 2006, which denied Rocky Lopano's request for reconsideration or full Board review.

Claimant was injured in 2002 and filed a claim for workers' compensation benefits listing Fresh Direct c/o FD Property Holding, Inc. (hereinafter FD Property) as his employer however, FD Property denied that an employer-employee relationship existed with claimant. Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ), in a decision filed July 23, 2004, determined, among other things, that Rocky Lopano, doing business as Rocky Lopano Construction (hereinafter the employer), a subcontractor working for FD Property, was claimant's employer and levied assessments against the employer for failure to have workers' compensation coverage at the time of the accident.

The employer applied for review of the WCLJ's decision before the Workers' Compensation Board on July 29, 2004, but was

informed by the Board that the application failed to comply with requirements set forth in 12 NYCRR 300.13 and was given 30 days to fully comply. In November 2004, the employer again applied for Board review without complying with the regulation. In a decision filed March 2, 2005, the Board denied review of the WCLJ's decision based on the employer's failure to comply with 12 NYCRR 300.13 (a) and (e) (1) (ii). In November 2005, the employer once again requested full Board review or, alternatively, a rehearing of the WCLJ's decision. In a decision filed February 15, 2006, the Board denied the application for review as untimely and refused to grant a rehearing. The employer now appeals.

Initially, we note that inasmuch as the employer appeals from the denial of his request for a rehearing or full Board review of the claim, the merits of the Board's underlying determination of an employer-employee relationship in this matter are not properly before us (*see Matter of Doherty v Colgate Univ.*, 3 AD3d 810, 810 [2004]; *Matter of Palma v New York City Dept. of Corrections*, 301 AD2d 774, 774 [2003]). Our review is therefore limited to whether, by denying the request for a rehearing or full Board review, the Board abused its discretion or acted in an arbitrary and capricious manner (*see Matter of Depew v Lancet Arch*, 2 AD3d 1013, 1013 [2003]; *Matter of Macareno v Son Yeng Produce*, 305 AD2d 928, 929 [2003]).

The employer's request for a rehearing was premised on an affidavit from FD Property's chief executive officer at the time of claimant's injury. The employer, however, has failed to demonstrate that this evidence was unavailable at the time of the hearing. Under these circumstances, we cannot say that it was an abuse of discretion or arbitrary and capricious for the Board to have denied the employer's application (*see* 12 NYCRR 300.14 [a] [1]; *Matter of Depew v Lancet Arch*, 2 AD3d at 1014; *Matter of Palma v New York City Dept. of Corrections*, 301 AD2d at 775; *Matter of Shell v Poughkeepsie Hous. Auth.*, 276 AD2d 843, 845 [2000], *appeal dismissed* 96 NY2d 731 [2001]).

Peters, Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.