*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                518918
_____

In the Matter of the Claim of
   GEORGE BURNS,
                Appellant,

     v                                      MEMORANDUM AND ORDER

NEW YORK STATE WORKERS'
   COMPENSATION BOARD et al.,
                Respondents.
_____


Calendar Date:  February 11, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

_____


    James Trauring & Associates, LLC, Schenectady (James Trauring of counsel), for appellant.

    William O'Brien, State Insurance Fund, New York City (Matthew R. Mead of Stockton, Barker & Mead, LLP, Troy, of counsel), for New York State Workers' Compensation Board and another, respondents.


_____


Devine, J.

    Appeal from a decision of an Arbitration Panel (pursuant to Workers' Compensation Law § 20 [2] [d]), filed July 19, 2013, which established claimant's average weekly wage.

    Claimant applied for workers' compensation benefits as the result of injuries he sustained in an automobile accident. Inasmuch as he worked for the Workers' Compensation Board, the claim was addressed within the "neutral outside arbitration process" provided for by Workers' Compensation Law § 20 (2) (a). An arbitrator established the claim for various work-related

injuries, determined claimant's average weekly wage under Workers' Compensation Law § 14 (1), and awarded benefits. Claimant nevertheless sought administrative review, arguing that he had been promoted to a new position shortly before he was injured and that his average weekly wage should have been calculated under Workers' Compensation Law § 14 (2). An arbitration panel declined to address that argument because it had not been raised before the arbitrator, and claimant now appeals.

We affirm. The powers of the arbitration panel are identical to those of the Board and, as such, it could decline to review "any issues . . . that were not raised before the" arbitrator (12 NYCRR 300.13 [e] [1] [iii]; see Workers' Compensation Law § 20 [2] [e]). Claimant did not attack the statement of earnings provided to the arbitrator by the Board, and that statement did not indicate that any issue existed with regard to the calculation of his average weekly wage. Thus, "claimant failed to provide notice [to the arbitrator] that this issue was in dispute," and the arbitration panel properly declined to address it (Matter of Joyce v United Food & Commercial Workers Local 342-50, 307 AD2d 552, 554 [2003]; see 12 NYCRR 300.13 [e] [1] [iii]; Matter of Brzezinski v Gambino, 100 AD3d 1192, 1193 [2012]).

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court